[Civil No. 4502.   Filed September 28, 1942.]

[129 Pac. (2d) 303.]

A. E. ROOKS, doing business as VALLEY CATTLE COMPANY, Petitioner, v. T. J. MARKS, as Clerk of the Superior Court of the State of Arizona in and for the County of Pinal, Respondent.

Mr. Phil J. Munch, for Petitioner.

Mr. W. C. Truman, County Attorney, and Mr. Tom Fulbright, for Respondent.

McALISTER, J.—On June 24, 1941, the petitioner, A. E. Rooks, doing business as the Valley Cattle Company, filed an action in the superior court of Maricopa county, against Charles A. Whitlow, cause No. 50035, and on July 5th, thereafter, before the time for answering had expired, Whitlow filed his affidavit for the removal of the cause, under section 21–102, Arizona Code Annotated 1939, to Pinal County, Arizona, for trial. On July 9th, thereafter, the plaintiff in that action, filed an affidavit controverting defendant's, and on August 11, 1941, the matter was heard by the superior court of Maricopa county, which made an order the same day directing that the cause be removed

to the superior court of Pinal county. Thereupon the files in the case were sent to the clerk of the superior court of that county and upon receiving them, that officer notified the attorneys of the respective parties that they had been received by him and would be filed and the cause docketed when the filing fee of $10 had been paid.

On September 17, 1941, more than 30 days after the order of removal to the Pinal county superior court had been entered, the petitioner demanded of respondent that inasmuch as the defendant in the cause, the party who had moved for a change of venue, had failed to pay the filing fee of $10, in the Pinal county superior court, the respondent return the files in the cause to the clerk of the superior court of Maricopa county. The respondent declined to comply with this demand, whereupon the petitioner sought and obtained from this court an alternative writ of *mandamus* directing respondent to transmit the papers as demanded or show cause why he has not done so.

The ground upon which petitioner seeks this relief is that it was the duty of the respondent under the statutes to return the papers in the cause to the court in which the action originated, after 30 days following the entry of the order of removal had passed and the filing fee of $10 had not been paid by the party securing the removal. He bases this contention on the following sections of the Arizona Code 1939, which appear in Article 1 (chapter 21) entitled "Venue of Actions and Change of Venue.":

"21–102. *Procedure when action brought in wrong county.*—If the action be not brought in the proper county, the court shall nevertheless have jurisdiction thereof, and may hear and determine the cause, unless the defendant shall, before the expiration of the time allowed to answer, file with the clerk of the court in which the action is brought an affidavit of the de-

fendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county. A copy of such affidavit shall be served upon the plaintiff, and unless such affidavit be controverted under oath, within five (5) days after such service the court shall order the action transferred to the proper county. If the affidavit be controverted the court shall hear the issue thus presented as upon an application for change of venue, and shall order the action retained in the court in which it is brought, or transferred to the proper county.''

"21–104. *Change of venue for cause—Decision reviewable* —If either party to a civil action pending in the superior court shall, after answer has been filed, file an affidavit in the action alleging any of the following grounds therefor, and give five (5) days notice thereof to the opposite party, the venue thereof may be changed as hereinafter provided:

"(1) That there exists in the county where the suit is pending so great a prejudice against him that he can not obtain a fair and impartial trial.

"(2) That the convenience of witnesses and the ends of justice would be promoted by the change.

"(3) For other good and sufficient cause, to be determined by the court.

"The party applying for the change shall at the time of such application file a bond to be approved by the judge of said court conditioned that he will pay all costs that may be adjudged against him in the action, if the application be granted. The truth and sufficiency of the grounds shall be determined by the court, but a decision thereon refusing the change may be assigned as error on appeal.''

"21–105. *Proceedings on change of venue.*—When a change of venue is directed, the court shall send the action to the most convenient adjoining county, unless the parties agree to some other county, when it shall be sent to the county agreed upon. The clerk shall forthwith transmit the papers and transcript of the proceedings in the action to the clerk of the court to which the venue is changed, the party applying for the change paying the cost thereof, which payment

must be made within five (5) days after the order directing the change, or the application for such change and the order therefor shall be deemed abandoned, and if abandoned, the action shall proceed as if the order for such change had not been made. The clerk of the court upon payment by the party applying for the change, of a like fee as required upon the filing of a complaint, shall docket the action in its order, and the action shall be tried or otherwise disposed of as if it had originated in that court. Failure to pay such fee within thirty (30) days from the date of the order for such change shall be deemed an abandonment, and the clerk of the court shall forthwith transmit all the papers to the court in which the action originated, and the same shall be disposed of as if no change had been granted.''

The position of petitioner is that these sections are parts of the same act, that they cover the same subject matter, should be read in connection with each other and, if possible, construed in such a way as to give effect to all. *Gideon* v. *St. Charles,* 16 Ariz. 435, 146 Pac. 925. Particularly is this true here, he contends, since section 21–102 makes the following reference to a hearing upon the application for a change of venue provided for in sections 21–104 and 21–105: ''the court shall hear the issue thus presented as upon an application for change of venue.'' For these reasons he contends that the portion of 21–105 relating to the payment, by the person applying for a change of venue, of a ''like fee as required upon the filing of a complaint'' and also that stating that his failure to make the payment within 30 days of the date of the order for a change shall be deemed an abandonment and that the clerk of the court shall forthwith transmit all the papers to the court in which the action originated, apply to a proceeding under 21–102.

There is no question but that these sections should be construed in such a way, as to give effect to each, but to give them the meaning contended for by

petitioner would not in our view do this. The expression in 21–102, "if the affidavit be controverted the court shall hear the issue thus presented as upon an application for change of venue," means merely that the court shall hear the evidence on the question whether the action has been filed in the wrong county and determine it the same as it would hear the evidence under 21–104 and determine the question whether a change of venue for cause to some county other than the one in which it was properly filed should be granted. Neither the language quoted, nor the rule that different statutes bearing on the same subject matter should be construed so as to give effect to all, if possible, require this to be done. While 21–102 does in a sense deal with the matter of a change of venue, it is a complete enactment within itself, was passed at a different time and has a different purpose than 21–104 and 21–105. It merely provides the manner in which an action filed in the wrong county may be transferred to the proper county for trial at the instance of the defendant, whereas 21–104 provides that the venue of an action filed in the proper county may be changed for cause to some other county at the instance of either party and 21–105 simply prescribes the procedure to be followed in bringing about this result. Under the Texas law a proceeding initiated by the defendant to have an action brought in the wrong county transferred to the proper county is known as a "plea of privilege" and in *Valdespino* v. *Dorrance & Co.*, (Tex. Civ. App.), 207 S. W. 649, 651, the court said that the proceeding on a plea of privilege "cannot be classed as an application for a change of venue, although it may result in such change."

Prior to the enactment in 1913 of paragraph 396, Revised Statutes of that year, which is the same in meaning as 21–102, there was no provision in this state

for changing the venue of an action filed in the wrong county, and it will be observed that that section merely sets up a procedure applying only to the removal of such an action to the county in which it should have been filed. The fact that an action was brought in the wrong county was made a ground for a change of venue in 1864, by the first territorial legislature, Howell's Code, page 299, but this was omitted from the statutes prior to the revision of 1877, and an examination of the various codes since then discloses that it has not again been included among the grounds for which a change of venue for cause may be granted.

The fundamental requirement as to venue, which now appears in 21–101, Arizona Code Annotated 1939, has been in the following language at least since the enactment of paragraph 1294, Revised Statutes of 1901: "No person shall be sued out of the county in which he resides," except in certain instances, none of which are applicable here. From the time the filing of an action in the wrong county was eliminated from Howell's Code, as a ground for a change of venue for cause, until the enactment of 396 in 1913, the only order the court could make when the fact that an action was brought in the wrong county was called to its attention, was one of dismissal. *Foster* v. *Cimarron Valley Bank of Coyle,* 14 Okl. 24, 76 Pac. 145; *Valdespino* v. *Dorrance & Co., supra.* This in many instances was a harsh remedy since the only course it left open to the plaintiff was to file anew in the proper county and this could, and in all probability did, result in defeating those actions against which limitation had run at the time the new filing was made. So in passing 396 in 1913, the legislature evidently intended merely to modify the rule requiring dismissal and give the defendant the privilege of transferring it to the proper county for trial, and in having this done none of the provisions of the statute dealing with a change of

venue for cause, except that relating to the hearing upon the question of whether a change should be granted, has any application.

■■ There is nothing in 21–102 requiring a defendant who secures the transfer of an action to the proper county to pay any part of the expense of such a proceeding or the filing fee in the new county and necessarily his failure to do so within 30 days, or any other time, cannot be deemed an abandonment and make it the duty of the clerk to transmit the papers to the county in which the action originated. The order of the superior court of Maricopa county, transferring the action, had the effect not only of divesting that court of jurisdiction in the case, but of immediately vesting the superior court of Pinal county with jurisdiction. The language of 21–102 is that the court, after hearing, "shall order the action retained in the court in which it is brought, or transferred to the proper county." It is immaterial in which court the order lodges the case. The jurisdiction of that court to try it is complete upon the making of the order and this is just as true of the court to which it is transferred as it would be of the one in which the action is brought should the order be that the action be retained there. "There can be no serious question" to use the language of *State ex rel. Gibson* v. *Lay,* 128 Mo. 609, 29 S. W. 999, 1000: "but that, as soon as the order granting the change of venue was entered of record, the circuit court of Vernon county no longer had jurisdiction of the cause, and that by such order, the jurisdiction was conferred upon the circuit court of Henry county, and that it was from that time on pending in that county."

In *Chase* v. *Superior Court,* 154 Cal. 789, 99 Pac. 355, 357, appears this language:

"In *Brown* v. *Gilmor's Executors,* 8 Md. 322, it is said: 'The order for removal transfers the jurisdic-

tion, and from that moment the case in legal contemplation is in the court to which it is removed, whether the papers have actually been transmitted from one court to the other or not.' . . .

"In *Fisk* v. *Albany R. Co.*, 41 How. Prac. N. Y., 365, it is said: 'Where an order is made changing the place of trial in a cause to another county, the change is effected at once. The transfer of the papers is a subsequent clerical duty.' "

Inasmuch, therefore, as under the law a case transferred from one county to another for trial, under section 21–102 is, in legal contemplation, in the superior court of the county to which it is transferred from the moment the order of transfer is made, it follows that the case of A. E. Rooks, doing business as the Valley Cattle Company v. Charles A. Whitlow was in the superior court of Pinal county from and after the 11th day of August, 1941, for all purposes, and that it was the duty of the respondent to file it there upon receipt of the papers regardless of the failure of the plaintiff to pay the fee. The fact that this section, which is complete within itself, makes no provision for the payment of a filing fee indicates that the legislature perhaps intended that since the payment of the fee in the wrong county gave the court in which it was filed jurisdiction, no additional fee should be collected in the case; otherwise it would have provided in this section for such payment.

It is very clear, we think, that there is no duty resting on the respondent to transmit the papers to Maricopa county but that it is his duty to file the case in the superior court of Pinal county.

The petition for the writ of mandamus is denied.

LOCKWOOD, C. J., and ROSS J., concur.