610 P.2d 79

Campbell FLOYD, Personal Representative of the Estate of Darryl Floyd, for and on behalf of Campbell Floyd and Lucy S. Floyd, surviving parents of Darryl Floyd, Deceased, Petitioners,

v.

The SUPERIOR COURT of Arizona, IN AND FOR COCHISE COUNTY and Lloyd C. Helm, Judge thereof, Respondents,

and

Cochise County Arizona, Real Party in Interest.

No. 2 CA–CIV 3563.

Court of Appeals of Arizona, Division 2.

April 10, 1980.

Bolding & Zavala by Ed Bolding, Tucson, for petitioners.

Beverly H. Jenney, Cochise County Atty. by Robert M. Jarrett, Jr., Deputy County Atty. and Jody N. Klein, Bisbee, for real party in interest.

OPINION

HOWARD, Judge.

Petitioners have brought this special action to challenge the respondent court's transfer of their lawsuit from Cochise County to Santa Cruz County. Venue rulings are appropriately reviewable by special action, *Campbell v. Deddens*, 21 Ariz.App. 295, 518 P.2d 1012 (1974), therefore we assume jurisdiction and grant relief.

Petitioners filed a claim in Pima County for the wrongful death of their son against the Reorganized Church of Jesus Christ of

Latter Day Saints. During discovery, petitioners determined that Cochise County was a proper party/defendant and a complaint was filed against it in Cochise County. In order to consolidate the cases, a motion for change of venue was filed by petitioners on November 28, 1979, requesting the court to transfer the cause to Pima County where the original complaint had been filed. Discovery was proceeding and a trial date had been set. The respondent court granted the motion for change of venue on December 17, 1979, but instead of changing the venue to Pima County, ordered it changed to Santa Cruz County.

Appellate courts will not interfere with a venue ruling in the absence of a clear abuse of the trial court's discretion. *Cohen v. Superior Court*, 14 Ariz.App. 406, 484 P.2d 18 (1971). We believe the subject ruling requires our intervention. While conceding the petitioners' right to a change of venue under A.R.S. Sec. 12–408, the real party in interest maintains that the trial court was correct in concluding that Santa Cruz County was a more appropriate trial venue than Pima County since "the potential prejudice to Cochise County's position could be minimized by a more rurally oriented jury from Santa Cruz County." Even if we are to disregard the fact that Pima County itself contains many rural areas, we find the argument based upon conjecture and unpersuasive. In the face of the myriad reasons to try the case in Pima County, we believe the respondent court abused its discretion in ordering the transfer to Santa Cruz County.

The petitioners have a lawsuit pending in Pima County against the Reorganized Church of Jesus Christ of Latter Day Saints arising out of the same factual situation. That case has a trial date set. Transfer of the suit against Cochise County to Santa Cruz County results in two separate trials and a waste of judicial time and additional expense to petitioners. Representatives of the decedent's estate reside in Florida and must travel to Southern Arizona for trial. To require two separate trips to give testimony by identical witnesses does not serve the interests of justice.

In view of the overwhelming reasons to transfer the case to Pima County, which will result in a consolidation with the pending litigation in Pima County, we believe the respondent court abused its discretion. The Superior Court of Cochise County is directed to set aside its order transferring this case to Santa Cruz County and to enter an order transferring the case to Pima County.

Relief granted.

HATHAWAY, C. J., and RICHMOND, J., concur.