647 P.2d 1150

YUMA COUNTY, a Body Politic, and R. Pete Woodard, Robert W. Kennerly, Carol Stanley, Ray Moore, J. R. "Sandy" Sanders, Board of Supervisors, Petitioners,

v.

The Honorable Douglas W. KEDDIE, Judge of the Superior Court of the State of Arizona, In and For the County of Yuma, and Eugene and Margaret Orientale, real parties in interest, Respondents.

No. 16026–SA.

Supreme Court of Arizona, In Banc.

July 6, 1982.

Frank Gabusi and Nebeker & Nelson by William A. Nebeker, Yuma, for Petitioners.

Haralson, Kinerk & Morey by Burton J. Kinerk, Tucson, and Jeffrey R. Fritz, Yuma, for real parties in interest.

CAMERON, Justice.

Yuma County, the petitioner in this special action, challenges the granting of a change of venue to Eugene and Margaret Orientale, the plaintiffs and real parties in interest. We have jurisdiction of this matter pursuant to Arizona Constitution, Art. 6 § 5(1); Rule 8, Arizona Rules of Procedure for Special Actions, 17A A.R.S.

There is only one question we consider and that is: May the right to a change of venue pursuant to A.R.S. § 12–408 be waived by unnecessary delay?

The facts necessary to a determination of this issue are the following. Plaintiffs had filed suit in Yuma County in April, 1977, for personal injuries. Yuma County was later joined as a party-defendant. In January, 1978, defendant filed a motion for summary judgment which was ultimately granted in November, 1978. Summary judgment was then reversed by the Court of Appeals, *Orientale v. Yuma County* (unpublished memorandum decision, 23 December 1980), and we denied review on 11 February 1981. After a trial date was set and continued a number of times, trial was set for 27 April 1982. At the pretrial conference on 26 April 1982, the day before trial, the plaintiffs moved for a change of venue pursuant to A.R.S. § 12–408(A) because Yuma County was a party-defendant. The motion was granted and venue was transferred to Maricopa County. We granted the petition of Yuma County for special action because there was no reasonable, adequate or speedy remedy by appeal, and because the matter is one of statewide importance in the interpretation of the statute.

Plaintiffs based their motion for change of venue on A.R.S. § 12–408(A) which states:

"§ 12–408. Procedure for change of venue when county is a party

"A. In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

The statute does not state a time during which a right to a change of venue must be asserted. The Orientales urge that they are entitled, as a matter of right, to a change of forum where the county is a party to the action. Yuma County contends that the motion for change of venue must be made in a timely fashion, and if not timely made, the right is waived. We agree with Yuma County.

When a county is a party to a suit in the Superior Court of the same county and a change of venue is properly requested, it must be granted. *Massengill v. Superior Court*, 3 Ariz.App. 588, 416 P.2d 1009 (1966). Our Court of Appeals has stated:

"The legislature, in requiring no affidavits in support of a motion for a change of venue when a county is a party to an action, has indulged in a presumption that trial in the very county which is a party to the suit would be unfair to the county's adversary. We have held that when a proper request of venue has been made, the cause *must* be transferred. (citations omitted) * * * Under A.R.S. § 12–408, change of venue is mandatory and the petitioners having made proper application to the trial court, were entitled to the granting of their motion." *GAC Properties, Inc. of Arizona v. Farley*, 14 Ariz.App. 156, 158, 481 P.2d 526, 528 (1971).

It does not follow, however, that the right to a change of venue may not be waived. Venue is not jurisdictional. *Massengill v. Superior Court*, supra. It is a privilege which is personal and can be waived if not asserted. *Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 402 P.2d 22 (1965). As our Court of Appeals has stated in considering a motion for change of venue on the basis of A.R.S. § 12–408(A), after two cases had been consolidated for trial:

"Since a retained right to change venue of a constituent cause of action is incompatible with the single trial concept of consolidation, a waiver of the right to change venue is inherent in a failure to assert such right prior to consolidation. Stating essentially the same thing another way, failure to object to a motion for consolidation of actions for trial in the Superior Court of a particular county is tantamount to an acceptance of that Court as the proper forum to hear and determine each action consolidated. These conclusions accord with the principle that venue is a personal, procedural right without jurisdictional status which may be waived by a failure of timely assertion. (citation omitted)" *Yavapai County v. Superior Court*, 13 Ariz.App. 368, 370, 476 P.2d 889, 891 (1970).

We agree and hold that a change of venue, even if mandatory when timely requested, can be waived if not asserted in a timely fashion.

In considering whether the motion is timely, the court may take into consideration three aspects of the delay. First, the opportunity to make the motion. In the instant case, Yuma County was joined as a party on 14 June 1977. From June, 1977, to 26 April 1982, when the motion for change of venue was made, the parties were in court innumerable times. There was ample opportunity to move for a change of venue. Second, the court may consider whether a trial date has been set and acquiesced in by the moving party before the motion is made. In the instant case, the plaintiffs waited until the very eve of trial, after a firm date had been set, a pretrial conference scheduled, subpoenas for witnesses served, and a jury panel summoned to appear the next morning. Third, the court may consider whether the granting of the motion will work a hardship or inconvenience on the court and the other parties. In this case, it is apparent that by waiting until the last minute, a hardship was imposed on the other parties, and was an inconvenience to the court itself. We hold, under the facts of this case, that the right to a mandatory change of venue pursuant to A.R.S. § 12-408(A) has been waived.

Order granting a transfer of venue to Maricopa County is vacated and the matter remanded for trial in Yuma County.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS, and FELDMAN, JJ., concur.