FILED BY CLERK

NOV -6 2006

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


| | | |
|---|---|---|
| ANGELICA YARBROUGH, on her own behalf as the surviving spouse of Roy D. Yarbrough, on behalf of her and the decedent's two minor children, Melissa Yarbrough and Brandon Yarbrough, and on behalf of the decedent's mother, Ninnie Woodall, | ) ) ) ) ) ) ) ) | 2 CA-SA 2006-0070 DEPARTMENT A  O P I N I O N |
| Petitioner, | ) ) | |
| v. | ) ) | |
| HON. ANNA M. MONTOYA-PAEZ, Judge of the Superior Court of the State of Arizona, in and for the County of Santa Cruz, | ) ) ) ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| ROBERTS ENTERPRISES, INC., an Arizona corporation; MILO DeWITT and JANE DOE DeWITT, husband and wife dba DeWITT CATTLE COMPANY; AVATAR HOLDINGS, INC., a Delaware corporation; and COUNTY OF SANTA CRUZ, a body politic, | ) ) ) ) ) ) ) ) | |
| Real Parties in Interest. | ) ) | |


SPECIAL ACTION PROCEEDING

Santa Cruz County Cause No. CV-05-556

Goldberg & Osborne
  By David J. Diamond and D. Greg Sakall

Tucson
Attorneys for Petitioner

Barassi & Curl
  By David L. Curl

Tucson
Attorneys for Real Party in Interest
Roberts Enterprises, Inc.

McNamara, Goldsmith, Jackson & Macdonald, P.C.
  By Eugene N. Goldsmith

Tucson
Attorneys for Real Parties
in Interest DeWitt

Goering, Roberts, Rubin, Brogna, Enos &
Treadwell-Rubin, P.C.
  By Scott Goering

Tucson
Attorneys for Real Party in Interest
Avatar Holdings, Inc.

Jones, Skelton & Hochuli, P.L.C.
  By Georgia A. Staton and Randall H. Warner

Phoenix
Attorneys for Real Party in Interest
Santa Cruz County

P E L A N D E R, Chief Judge.

¶1        In this special action, petitioner Angelica Yarbrough seeks review of the respondent judge's order transferring venue of the underlying wrongful death action from Santa Cruz County to Pinal County. Because an appeal cannot adequately cure an erroneous venue ruling, such orders "are appropriately reviewable by special action." *Floyd v. Superior Court*, 125 Ariz. 445, 445, 610 P.2d 79, 79 (App. 1980); *accord Dunn v.*

2

*Carruth*, 162 Ariz. 478, 479, 784 P.2d 684, 685 (1989); *Yuma County v. Keddie*, 132 Ariz. 552, 553, 647 P.2d 1150, 1151 (1982); *Behrens v. O'Melia*, 206 Ariz. 309, ¶ 1, 78 P.3d 278, 279 (App. 2003); *Lakritz v. Superior Court*, 179 Ariz. 598, 599, 880 P.2d 1144, 1145 (App. 1994); *see* Ariz. R. P. Spec. Actions 1(a), 17B A.R.S. Having concluded the respondent judge abused her discretion, we accept jurisdiction and grant relief. *See* Ariz. R. P. Spec. Actions 3(c), 17B A.R.S.

## BACKGROUND

¶2 According to the petition for special action, Yarbrough's husband died in a June 2005 "motorcycle-livestock collision" in Santa Cruz County. Yarbrough subsequently brought a wrongful death action against the real parties in interest ("the defendants"): Roberts Enterprises, Inc. (REI); a married couple doing business as DeWitt Cattle Company; Avatar Holdings, Inc.; and Santa Cruz County. Because the county is a party defendant, Yarbrough filed the action in Santa Cruz County as required by A.R.S. § 12-401(15), then moved for a change of venue as permitted by A.R.S. § 12-408, to have the case transferred to Pima County. After hearing oral argument, the respondent judge granted a change of venue but ordered the case transferred to Pinal County.

## ISSUE

¶3 At issue is the proper interpretation of § 12-408(A), which entitles a party opponent of a county in any civil action to have venue of the action changed as a matter of right from that county "to some other county." We must determine whether the phrase "some other county," as used in § 12-408, means *any* other county or whether a trial court's

selection of an alternative venue pursuant to § 12-408 is constrained by any of the other venue statutes, §§ 12-401 through 12-411, comprising chapter 4 of Title 12, A.R.S.

## VENUE STATUTES AND PRINCIPLES

¶4 As a threshold proposition, defendants are entitled to be sued in the county where they reside, unless a statutory exception to that principle applies. *See* § 12-401; *Lakritz*, 179 Ariz. at 599, 880 P.2d at 1145; *Zuckernick v. Roylston*, 140 Ariz. 605, 606, 684 P.2d 177, 178 (App. 1984); *Brown v. Superior Court*, 2 Ariz. App. 434, 435, 409 P.2d 593, 594 (1966). "Venue is a privilege which permits one in whose favor it runs to have a case tried at a convenient place[;] it is personal and unless asserted may be waived." *Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 83, 402 P.2d 22, 26 (1965). Although convenience to the defendant is thus the first consideration in establishing venue, venue may be changed when necessary "to secure to parties fair and impartial trials of causes," *GAC Properties, Inc. v. Farley*, 14 Ariz. App. 156, 157-58, 481 P.2d 526, 527-28 (1971); *see also* § 12-406(B)(1); to promote "the convenience of witnesses and the ends of justice," § 12-406(B)(2); or for "other good and sufficient cause," § 12-406(B)(3).

¶5 Of Arizona's venue statutes, those pertinent for present purposes are chiefly §§ 12-401(7) and (15), 12-407(A), 12-408(A), and 12-411(B). Section 12-401 states the general rule that "[n]o person shall be sued out of the county in which such person resides," subject to nineteen enumerated exceptions, qualifications, and refinements, including these in subsections (7) and (15):

> 7. When there are several defendants residing in different counties, action may be brought in the county in which any of the defendants reside[s].
>
> . . . .
>
> 15. Actions against counties *shall be brought in the county sued* unless several counties are defendants, when it [sic] may be brought in any one of the counties.

(Emphasis added.) Although § 12-401(15) prescribes the initial venue for actions against counties, § 12-408(A) states: "In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."[1] Section 12-408(B) provides: "The party applying for the change of venue shall pay the cost thereof and give a bond to the opposite party as in other cases."

¶6 Our courts have recognized the legislative assumption underlying § 12-408 as "a presumption that trial in the very county which is a party to the suit would be unfair to the county's adversary." *GAC Props., Inc.*, 14 Ariz. App. at 158, 481 P.2d at 528; *see also Keddie*, 132 Ariz. at 553, 647 P.2d at 1151. Therefore, unlike changes of venue pursuant to § 12-406 for which a moving party must show cause and on which the trial court has discretion, changes of venue under § 12-408 "require[] no showing other than that a county is an opposing party, [and] there is no discretion vested in the trial court." *GAC Props., Inc.*, 14 Ariz. App. at 158, 481 P.2d at 528.

---

[1]Although the right to a change of venue pursuant to A.R.S. § 12-408(A) can be waived by delay in requesting such a change, a timely motion for change of venue must be granted. *Yuma County v. Keddie*, 132 Ariz. 552, 553-54, 647 P.2d 1150, 1151-52 (1982).

5

¶7        In requesting a change of venue pursuant to § 12-408(A), Yarbrough sought to have the case transferred to Pima County. She claims Pima County is "the most convenient adjoining county" for purposes of § 12-407(A), which she contends is applicable. Section 12-407(A) provides: "If a change of venue is ordered, the court shall transfer the action *to the most convenient adjoining county*, unless the parties agree to some other county . . . ." (Emphasis added.) In subtle contrast, § 12-411(B) provides: "A change of venue or judge shall be *to the most convenient county*, or judge, to which the objections of the parties do not apply or are least applicable." (Emphasis added.)

### RULING BELOW AND PARTIES' CONTENTIONS

¶8        In her written ruling, the respondent judge reviewed the several different statutes potentially applicable to a determination of "which venue would be the most appropriate." She first invoked § 12-401(7), observing that Pinal County is the putative residence of REI, the sole party residing outside Santa Cruz County.[2] That fact, the judge wrote, makes Pinal County "the most appropriate [alternative] venue" under § 12-401(7). Next, the respondent judge noted the mandate of § 12-407(A) that venue be changed "to the most convenient adjoining county," which, here, "would mean either Pima County or Cochise County." Based on the location and convenience of the parties and their counsel,

_____

[2]According to the petition for special action, REI conducts business in Santa Cruz County but claims Pinal County is its principal place of business. There is apparently no dispute that REI is a "resident" of Pinal County for venue purposes. *See Cacho v. Superior Court*, 170 Ariz. 30, 32-33, 821 P.2d 721, 723-24 (1991) (corporation deemed "person" for venue purposes; residence is its principal place of business). None of the defendants resides in Pima County.

6

the judge observed, "Pima County would seem to be the appropriate forum," as least as between Pima and Cochise Counties. *See generally* § 12-406(B) (providing for change of venue when "the convenience of witnesses and the ends of justice would be promoted by the change"). Ultimately, the respondent judge ruled:

> Convenience may be relevant but the venue statute is primarily concerned with fairness and impartiality. Removing the case to Pima County would result in a different forum. Plaintiff's concerns and the Motion for Change of Venue is [sic] based on the premise of fairness since the purpose is [to] secure the parties fair and impartial trials of causes. *See* A.R.S. 12-408. The Court cannot only be concerned with fairness toward the Plaintiff but must be concerned with fairness towards the Defendants as well. Since there was no showing of foreboding inconvenience or hardship for the Plaintiff, the matter shall be transferred to Pinal County.

¶9        As noted, Yarbrough contends § 12-407(A) governs changes of venue ordered pursuant to § 12-408, which obligated the respondent judge to transfer the action to an adjoining county. Yarbrough contends the respondent judge exceeded her authority by ordering the case transferred instead to nonadjoining Pinal County. Yarbrough further claims that, as between Pima and Cochise Counties—the two counties that do adjoin Santa Cruz County—Pima would be the more convenient, as the respondent judge so found.

¶10       The defendants contend § 12-407(A) does not apply to changes of venue under § 12-408, which by its terms calls only for "a change of venue to some other county." They claim the respondent judge neither exceeded her authority nor abused her discretion in ordering venue changed to Pinal County. Because defendant REI resides there, they argue, Pinal County is the only county besides Santa Cruz in which venue would have been

7

proper in the first instance under § 12-401(7). And, "to the extent possible," the defendants assert, a court should comply with § 12-401 when changing venue pursuant to § 12-408.

## DISCUSSION

¶11    Interpretation of Arizona's venue statutes involves questions of law that we review de novo. *Amparano v. ASARCO, Inc.*, 208 Ariz. 370, ¶ 3, 93 P.3d 1086, 1088 (App. 2004). But, when a venue ruling hinges on findings of fact, we will not disturb a trial court's order granting or denying a change of venue unless the court clearly has abused its discretion. *Maricopa County v. Barkley*, 168 Ariz. 234, 237, 812 P.2d 1052, 1055 (App. 1990); *Floyd v. Superior Court*, 125 Ariz. 445, 446, 610 P.2d 79, 80 (App. 1980). "An abuse of discretion exists when the trial court commits an error of law in the process of exercising its discretion." *Fuentes v. Fuentes*, 209 Ariz. 51, ¶ 23, 97 P.3d 876, 881 (App. 2004); *accord Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56, 652 P.2d 507, 528-29 (1982); *Althaus v. Cornelio*, 203 Ariz. 597, ¶ 4, 58 P.3d 973, 974 (App. 2002); *Files v. Bernal*, 200 Ariz. 64, ¶ 2, 22 P.3d 57, 58 (App. 2001).

¶12    In interpreting statutes, our central goal "is to ascertain and give effect to the legislature's intent." *Washburn v. Pima County*, 206 Ariz. 571, ¶ 9, 81 P.3d 1030, 1034 (App. 2003). To determine legislative intent, we look first to the language the legislature has used as providing "the most reliable evidence of its intent." *Walker v. City of Scottsdale*, 163 Ariz. 206, 209, 786 P.2d 1057, 1060 (App. 1989); *accord State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003); *Janson v. Christenson*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). When statutory language is unambiguous, "that language must

8

ordinarily be regarded as conclusive, absent a clearly expressed legislative intent to the contrary." *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 592, 667 P.2d 1304, 1307 (1983); *accord Smith v. Pima County Law Enforcement Council*, 113 Ariz. 154, 157, 548 P.2d 1151, 1154 (1976) ("[S]tatutory language which is clear and unambiguous requires no judicial interpretation.").

¶13　　　We address first the defendants' contention that, when venue is changed pursuant to § 12-408 because a county is a party, the case should be transferred whenever possible to a county in which venue would have been proper initially under § 12-401.[3] The defendants cite no authority to support their contention, nor are we aware of any. "Proper" venue for an action under § 12-401 "is sometimes also referred to as 'initial' venue." *Mohave County v. Brathovde Family Trust*, 187 Ariz. 318, 322, 928 P.2d 1247, 1251 (App. 1996). As Division One of this court observed in *Maricopa County v. Barkley*, 168 Ariz. 234, 238, 812 P.2d 1052, 1056 (App. 1990), § 12-401 does not "fix venue immutably," but instead, creates "a presumptive choice of venue" in different circumstances, which can then "be changed upon the grounds specified by statute."

¶14　　　Had our legislature intended that cases transferred pursuant to § 12-408 be moved, whenever possible, to a county in which venue would have been proper initially

---

[3]At oral argument in this court, defendant REI maintained that position, continuing to assert that, when venue is changed pursuant to A.R.S. § 12-408, A.R.S. § 12-401 should then control as a matter of law in determining the new county to which the case should be transferred. Defendants DeWitt, however, retreated from that position, acknowledging that the criteria set forth in § 12-401 should be viewed merely as pertinent, not controlling, factors in making that determination.

under § 12-401, we presume it would simply have stated that requirement. Absent any expression or even an intimation of such an intent, we will not gratuitously read such a requirement into the statute. *See Fragoso v. Fell*, 210 Ariz. 427, ¶ 12, 111 P.3d 1027, 1031 (App. 2005) (unambiguous statutory language evinced no legislative intent to prevent judicial officer from requiring cash-only bail; had drafters intended such a prohibition, statute would presumably have said so clearly); *State v. Sanchez*, 209 Ariz. 66, ¶ 11, 97 P.3d 891, 894 (App. 2004) ("We presume that . . . if [the legislature] wants to limit the application of a statute, it does so expressly.").

¶15        We likewise reject Yarbrough's contention that § 12-407(A) governs changes of venue pursuant to § 12-408. Reading the venue statutes collectively, *see Rooks v. Marks*, 59 Ariz. 348, 352, 129 P.2d 303, 305 (1942), we conclude § 12-407(A)—requiring a transfer "to the most convenient adjoining county" unless the parties agree otherwise—applies only to the immediately preceding statute, § 12-406, governing changes of venue for cause.[4]  Thus, we hold § 12-407(A) applies whenever venue is changed for

_____

[4]Section 12-406, A.R.S., is the only preceding statute in title 4 to which A.R.S. § 12-407(A) could logically apply. Sections 12-402 and 12-403, A.R.S., govern venue upon the creation of a new county. Section 12-404, A.R.S., pertains to actions filed initially in a county in which venue is not proper. It provides, in subsections (A) and (C), for "transfer[] to the proper county" as dictated by § 12-401. *See Morgan v. Foreman*, 193 Ariz. 405, ¶ 20, 973 P.2d 616, 619 (App. 1999) (discretionary criteria of § 12-406 do not apply when defendant objects that initial venue improper under §§ 12-401 and 12-404; transfer mandatory to county of defendant's residence); *Reilly v. Superior Court*, 141 Ariz. 540, 543, 687 P.2d 1295, 1298 (App. 1984) ("[Section] 12-406 does not provide independent grounds for venue in the first instance"; court cannot consider discretionary criteria of § 12-406 when initial venue improper under §§ 12-401 and 12-404). Finally, A.R.S. § 12-405 governs consensual changes of venue. It permits transferring an action to another county for trial when the parties consent to the transfer.

prejudice, § 12-406(B)(1); for inconvenience, § 12-406(B)(2); or for "other good and sufficient cause . . . determined by the court," § 12-406(B)(3), but not when the change is pursuant to § 12-408 because a county is a party.

¶16 Several factors influence our conclusion. The express direction in § 12-406(A) that changes of venue under § 12-406 be made "as provided in § 12-407" makes clear that § 12-407(A) applies to § 12-406. But different reasons lead us to conclude that, contrary to Yarbrough's contention, § 12-407(A) does not apply to § 12-408.

¶17 First, if, as Yarbrough contends, § 12-407 directly governs changes of venue pursuant to § 12-408(A), the procedural requirements set forth in § 12-408(B) would be superfluous in light of the similar procedural requirements already contained in § 12-407. "Whenever possible, we do not interpret statutes in such a manner as to render a clause superfluous." *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 31, 105 P.3d 1163, 1171 (2005). In other words, "[w]e do not construe statutes as containing useless provisions unless no other construction is possible." *Id.* ¶ 34.

¶18 Second, in contrast to the guidance provided in §§ 12-404(A) and (C) ("transfer[] to the proper county"), 12-406(A) ("venue may be changed as provided in § 12-407"), 12-407(A) ("transfer . . . to the most convenient adjoining county"), and 12-411(B) ("to the most convenient county"), the language of § 12-408(A) itself, authorizing a change of venue to "some other county," is notably free of qualification, restriction, or direction. Had the legislature intended § 12-407(A) to apply to § 12-408, it could readily have made that intention manifest by simply saying so, thus including in § 12-408 the same sort of

11

parameter that appears in §§ 12-404(A) and (C), 12-406(A), 12-407(A), and 12-411(B). Instead, in language used nowhere else in the venue statutes, the legislature provided broadly in § 12-408(A) for a change of venue to "some other county" when a county is a party to the action pending in that same county.

**¶19**     We must assume the legislature chose the phrase advisedly. *See Ariz. Bd. of Regents v. State ex rel. Pub. Safety Ret. Fund Manager & Adm'r*, 160 Ariz. 150, 157, 771 P.2d 880, 887 (App. 1989) ("Where the legislature has specifically used a term in certain places within a statute and excluded it in another place, courts will not read that term into the section from which it was excluded."); *accord Luchanski v. Congrove*, 193 Ariz. 176, ¶ 14, 971 P.2d 636, 639 (App. 1998). And we note the same lack of specificity has been a feature of the statute ever since Arizona's territorial legislature adopted the earliest version of this provision in 1901.[5]

**¶20**     Yarbrough maintains that her interpretation of § 12-407(A) as applicable to § 12-408 "is consistent with the general understanding held by Arizona lawyers and judges for decades." Of the cases she cites in support of that contention, however, none has analyzed, directly addressed, or decided the specific question before us.

- In *Yuma County v. Keddie*, 132 Ariz. 552, 647 P.2d 1150 (1982), the plaintiffs waited until the day before trial to move for a change of venue from Yuma County pursuant

_____

[5]Section 1379 of Ariz. Civ. Code (1901) provided: "In all civil actions in any of the district courts of this territory brought and pending in a county where said county is a party, the opposite party shall be entitled to a change of venue *to some other county in the territory* without making any affidavit therefor, but the party desiring such change shall be entitled thereto by applying to the court or judge on that ground alone." (Emphasis added.)

12

to § 12-408. Although the trial court granted their motion and ordered the case transferred to Maricopa County, an adjoining county, the supreme court vacated that order, finding the plaintiffs had waived their right to a change of venue by delay. Nothing in the opinion indicates why the trial court had ordered the case transferred to Maricopa County rather than another county.

- In *Yavapai County v. Superior Court*, 13 Ariz. App. 368, 476 P.2d 889 (1970), the appellate court ruled that, by waiting until after two "substantially identical" lawsuits had been consolidated before moving for a change of venue from Yavapai County to Coconino County, the plaintiffs had waived their right under § 12-408 to have the case transferred to another county. Because the plaintiffs had specifically requested the change be from Yavapai to Coconino County, however, this case does not address the applicability of § 12-407(A) to § 12-408.

- In *Maricopa County v. Barkley*, 168 Ariz. 234, 812 P.2d 1052 (App. 1990), the county had filed a condemnation action in Maricopa County where the property to be condemned was located. Upon motion by the property owners, venue was transferred pursuant to § 12-408 to Yavapai County, one of the six counties (Gila, La Paz, Pima, Pinal, Yavapai, and Yuma) adjoining Maricopa County. The reason for the choice of Yavapai County was not discussed in the decision.

- In *Floyd v. Superior Court*, 125 Ariz. 445, 610 P.2d 79 (App. 1980), the plaintiffs sued Cochise County there and then moved for change of venue to Pima County, where a related action was pending. The respondent judge granted the motion but ordered venue

13

changed to Santa Cruz County instead. This court granted special action relief, finding that, "[i]n the face of the myriad reasons to try the case in Pima County, . . . the respondent court abused its discretion in ordering the transfer to Santa Cruz County." *Id.* at 446, 610 P.2d at 80. Although both Pima and Santa Cruz Counties adjoin Cochise County, we did not discuss that fact in *Floyd*.

• In *Cochise County v. Helm*, 130 Ariz. 262, 635 P.2d 855 (App. 1977), the trial court granted a motion for change of venue and ordered an action pending in and against Cochise County transferred to Pima County under § 12-408. But the parties had agreed to change venue to Pima County, so the case does not illustrate or support the position Yarbrough advocates.

¶21    In short, Yarbrough has not cited, nor have we found, any case holding that, when venue is changed pursuant to § 12-408, the action must be transferred to an adjoining county pursuant to § 12-407(A). Yarbrough does cite two versions of a treatise—Charles M. Smith, *Arizona Civil Trial Practice* § 131, at 127 (1986), and Daniel J. McAuliffe & Shirley J. Wahl, *Arizona Civil Trial Practice*, § 7.11, at 171 (2d ed. 2001)—both of which state that, in this situation, venue should be changed "to the 'most convenient adjoining county'" pursuant to § 12-407(A). But, in each case, that statement appears to rest on assumption alone, rather than on analysis or authority. To the extent the treatise states an absolute requirement, we conclude it is simply mistaken.

¶22    A further core tenet of statutory construction is the "presumption that the legislature does not include in statutes provisions which are redundant, void, inert, trivial,

14

superfluous, or contradictory." *State v. Moerman*, 182 Ariz. 255, 260, 895 P.2d 1018, 1023 (App. 1994). "Statutory provisions are to be read in the context of related provisions and of the overall statutory scheme. The goal is to achieve consistency among the related statutes." *Goulder v. Ariz. Dep't of Transp.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App. 1993), *aff'd*, 179 Ariz. 181, 877 P.2d 280 (1994) (citation omitted). "Statutes relating to the same subject matter should be read *in pari materia* to determine legislative intent and to maintain harmony." *Id.; accord Rooks*, 59 Ariz. at 352, 129 P.2d at 305; *Washburn v. Pima County*, 206 Ariz. 571, ¶ 10, 81 P.3d 1030, 1034 (App. 2003). Our goal is "to give full effect to each statute, if possible." *Prudential v. Estate of Rojo-Pacheco*, 192 Ariz. 139, 148-49, 962 P.2d 213, 222-23 (App. 1997); *accord Ariz. Gunite Builders v. Continental Cas. Co.*, 105 Ariz. 99, 101, 459 P.2d 724, 726 (1969). "We also attempt to reconcile potentially conflicting statutory provisions." *In re 2001 GMC Denali*, 210 Ariz. 466, ¶ 26, 113 P.3d 112, 117 (App. 2005). Thus, when "'reasonably practical,'" we interpret related statutes "'[so] that they may be harmonious and consistent.'" *In re Wilputte S.*, 209 Ariz. 318, ¶ 10, 100 P.3d 929, 931 (App. 2004), *quoting State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970).

**¶23** We apply these principles in construing § 12-407(A) together with § 12-411(B). Section 12-411 is preceded by these three statutes: § 12-408, "Procedure for change of venue when county is a party"; § 12-409, "Change of judge; grounds; affidavit"; and § 12-410, "Punishment for contempt for filing affidavit for change of judge prohibited."

15

The final statute in the venue series, § 12-411, entitled "Limitation on changes of venue or judge; selection of county or judge" states in its entirety:

> A.  Not more than one change of venue or one change of judge may be granted in any action, but each party shall be heard to urge his objections to a county or judge in the first instance.
>
> B.  A change of venue or judge shall be to the most convenient county, or judge, to which the objections of the parties do not apply or are least applicable.
>
> C.  If the parties agree upon a county or judge, such county or judge shall be selected.

Because § 12-411 encompasses both changes of venue and changes of judge, the topics addressed in §§ 12-408 through 12-410, we conclude § 12-411 applies to all three statutes.[6]

**¶24**    Still, Yarbrough argues § 12-407(A) "is more specific than the more general" § 12-411(B) and "therefore must apply." "Where two statutes dealing with the same subject

---

[6]The defendants did not cite or argue A.R.S. § 12-411 below or in their response to Yarbrough's special action petition. Generally, issues not raised or urged below or on review are deemed waived. *See Sobol v. Marsh*, 212 Ariz. 301, ¶ 7, 130 P.3d 1000, 1002 (App. 2006); *Amparano v. ASARCO, Inc.*, 208 Ariz. 370, ¶ 13, 93 P.3d 1086, 1090 (App. 2004). The waiver rule, however, is merely one of procedure, not jurisdiction. *Sobol*, 212 Ariz. 301, ¶ 8, 130 P.3d at 1002. "If application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue." *Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993). "Furthermore, when we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result." *Id.* Finally, because the respondent judge's ruling was based on an incorrect legal standard, *see* ¶ 26, *infra*, requiring us to vacate her ruling and to direct further proceedings below, we address the applicability of § 12-411 to give guidance to the parties and judge. *See Ariz. Minority Coal. for Fair Redistricting v. Ariz. Indep. Redistricting Comm'n*, 211 Ariz. 337, ¶ 38, 121 P.3d 843, 855 (App. 2005).

16

are seemingly in conflict, the more specific statute controls." *Midland Risk Mgmt. Co. v. Watford*, 179 Ariz. 168, 171, 876 P.2d 1203, 1206 (App. 1994). But it also "is a fundamental rule of statutory construction that courts will construe conflicting statutes in harmony when possible." *Id.; see also Cochise County v. Borowiec*, 162 Ariz. 192, 196, 781 P.2d 1379, 1383 (App. 1989). As we have explained, the statutes at issue here, §§ 12-407(A) and 12-411(B), can be harmonized and need not conflict. Resolving any potential conflict by interpreting the statutes harmoniously, we conclude that § 12-411(B) governs changes of venue pursuant to § 12-408; therefore, § 12-407(A) does not apply to § 12-408, even though it is arguably more specific than § 12-411(B). *See Cienfuegos v. Superior Court*, 172 Ariz. 461, 465, 837 P.2d 1196, 1200 (App. 1992) (statute does not apply merely because it is more specific when no conflict exists with other statute that applies to the issue); *see also Friedemann v. Kirk*, 197 Ariz. 616, ¶ 9, 5 P.3d 950, 952 (App. 2000) (principle that specific statutes control over general statutes applies only when such statutes conflict and when conflict cannot be resolved); *Borowiec*, 162 Ariz. at 196, 781 P.2d at 1383 (to same effect).

¶25         Our narrow holding is that § 12-411(B) applies to changes of venue pursuant to § 12-408, guiding the exercise of a trial court's discretion in ordering "a change of venue to some other county" and requiring the court to select the most convenient and least objectionable county for that purpose. More broadly, reading Arizona's venue statutes collectively and interpreting them as a whole, we conclude that § 12-407(A) applies only to § 12-406 and that § 12-411(B)—not § 12-407(A)—applies to § 12-408. The salutary

17

effect of our holding is to harmonize and give meaning to both §§ 12-407(A) and 12-411(B). *See UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, ¶ 11, 26 P.3d 510, 512 (2001) ("When two statutes appear to conflict, we will attempt to harmonize their language to give effect to each."); *Maricopa County v. Barkley*, 168 Ariz. 234, 237, 812 P.2d 1052, 1055 (App. 1990) (same).

¶26     We cannot discern from the respondent judge's ruling and the limited record available the factual basis, if any, for her selection of Pinal County over Pima County as the more "fair and impartial" venue for the underlying action. We note without necessarily adopting her concomitant finding that, in terms of convenience, at least as between Pima and Cochise Counties, "Pima County would seem to be the appropriate forum." *See generally Floyd*, 125 Ariz. at 446, 610 P.2d at 80 (dismissing as "conjectur[al] and unpersuasive" Cochise County's hypothesis that "potential prejudice to [its] position could be minimized by a more rurally oriented jury from Santa Cruz County" as opposed to Pima County). We also note the respondent judge transferred the underlying case to Pinal County based on Yarbrough's having made "no showing of foreboding inconvenience or hardship." Whatever the respondent judge might have intended by that phrase, however, we find no support for such a requirement in either the pertinent statutes or case law. Therefore, it has no controlling effect and should not be employed in further proceedings below. *Cf. GAC Props., Inc. v. Farley*, 14 Ariz. App. 156, 157-58, 481 P.2d 526, 527-28 (1971).

¶27     Having concluded that § 12-411(B) applies to changes of venue pursuant to § 12-408(A), we accept jurisdiction of this special action, grant relief, and vacate the

18

respondent judge's order transferring the underlying action to Pinal County. We direct the respondent judge to hold further proceedings pursuant to § 12-411(A) to determine "the most convenient county . . . to which the objections of the parties do not apply or are least applicable," § 12-411(B), and to transfer venue of the action to that county.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
PHILIP G. ESPINOSA, Judge