NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

OKLAND CONSTRUCTION COMPANY INC, *Third-Party Plaintiff/Appellee,*

*v.*

ZURN INDUSTRIES LLC, et al., *Third-Party Defendants/Appellants.*

No. 1 CA-CV 18-0249
FILED 5-23-2019

Appeal from the Superior Court in Maricopa County
No.  CV2014-004828
No.  CV2015-010396
(Consolidated)
The Honorable Sherry K. Stephens, Judge

**REVERSED AND REMANDED**

COUNSEL

Quarles & Brady LLP, Phoenix
By Matthew J. Splitek, Brian A. Howie, Benjamin C. Nielsen
*Counsel for Third-Party Defendants/Appellants*

Renaud Cook Drury Mesaros PA, Phoenix
By John A. Klecan[1], Miles M. Masog
*Counsel for Third-Party Plaintiff/Appellee*

---

[1] Appellee's Motion for Procedural Order Substituting Counsel Within Firm is granted.

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

---

**C A M P B E L L,** Judge:

¶1        Zurn Industries, LLC and Zurn Pex, Inc. (collectively, "Zurn") appeal from summary judgment granted in favor of Okland Construction Company, Inc. ("Okland"). For the following reasons, we reverse the grant of summary judgment.

## BACKGROUND

¶2        Okland acted as the construction manager and general contractor for a condominium project in Scottsdale (the "Project"). The Project owners and homeowners' association (collectively, "Owners") sued Okland when their plumbing systems began to leak. Owners alleged Okland breached the implied warranties of habitability and workmanship when installing the plumbing on the Project.[2] Owners' claims were based on an expert report concluding that the plumbing issues were primarily the result of defective plumbing products and secondarily due to installation errors.

¶3        Okland then tendered its defense to Zurn, the plumbing part manufacturer, under Arizona Revised Statutes ("A.R.S.") section 12-684. In its demand, Okland stated the following:

> THIS CORRESPONDENCE IS INTENDED TO PROVIDE YOU WITH FORMAL NOTICE OF OKLAND'S CLAIM AND TO MAKE AN UNEQUIVOCAL, CERTAIN, AND EXPLICIT DEMAND THAT ZURN INDUSTRIES, LLC UNDERTAKE THE DEFENSE OF OKLAND PURSUANT TO A.R.S. § 12-684.
>
> PLEASE BE ADVISED THAT TIME IS OF THE ESSENCE. WE RESPECTFULLY REQUEST A WRITTEN ACKNOWLEDGEMENT OF YOUR RECEIPT OF THIS

---

[2] Okland was the sole defendant in both cases, which were consolidated.

TENDER OF DEFENSE AND DEMAND FOR INDEMNITY
WITHIN TEN (10) DAYS.

**¶4**        In response, Zurn explained that Owners' claims were precluded pursuant to the class action settlement agreement that extinguished Zurn's liability for any defective plumbing parts. Zurn reasoned that the Owners suing Okland were part of the class of plaintiffs subject to the settlement and release agreement. Since they had a valid settlement and release, the Owners had already been compensated and Zurn had no further liability to the Owners. Nevertheless, Zurn did not deny the claim outright but requested more information to fully analyze Okland's tender.

**¶5**        Okland then filed a third-party complaint against Zurn claiming products liability, negligence, and common law indemnity. Okland alleged Zurn was responsible for statutory indemnification under A.R.S. § 12-681 through § 12-689. Okland asserted that if facts alleged in the Owners' complaint were true, then Zurn had been negligent by manufacturing a defective plumbing part that was unfit for its intended purpose. Finally, Okland alleged that they were entitled to common law indemnity because they were without fault for the defective parts supplied by Zurn which led to the Owners' damages.

**¶6**        Okland and Owners attended a mediation resulting in a settlement agreement. Zurn was invited to participate in the mediation but declined. The settlement required Okland to pay Owners $3,250,000 in damages. The agreement also apportioned liability between Zurn and Okland, finding Zurn's defective part caused 87.06 percent of Owners' damages, or $2,829,588.02, of the settlement amount. The remainder was attributable to Okland's faulty workmanship. Pursuant to the settlement agreement, Okland was dismissed as a defendant, but maintained its third-party action against Zurn.

**¶7**        Okland then moved for summary judgment, seeking indemnity from Zurn under A.R.S. § 12-684(A). Okland claimed that Zurn had a legal obligation to defend or indemnify and had failed to do so. In response, Zurn contended that the final order in the class action lawsuit extinguished Owners' damages and negated Okland's claims arising from the defective part as Owners' claims against Zurn had already been resolved.

**¶8**        The superior court ruled that the class action settlement did not bar Okland's claims because Okland was not a party to the class action

settlement. The court also found that because Zurn failed to accept the tender of defense and indemnification, Zurn must indemnify Okland. Accordingly, the court entered an order awarding Okland indemnification of $2,829,588.02 in addition to reimbursement of $317,000 in attorney fees and $30,674.46 in costs.

## DISCUSSION

**¶9** Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). We review a grant of summary judgment de novo, and we view the facts in the light most favorable to the non-moving party. *St. George v. Plimpton*, 241 Ariz. 163, 165, ¶ 11 (App. 2016).

## I. Okland cannot recover under A.R.S. § 12-684(A).

**¶10** On appeal, Zurn argues that Okland cannot recover under § 12-684(A). Zurn failed to make this argument below. At oral argument in the superior court, Zurn's attorney stated that "we rise and fall on the—on the [c]ourt's acceptance of the multi-district litigation settlement issue." While failure to raise an argument below generally results in its waiver on appeal, the waiver rule is procedural, not jurisdictional. *Sobol v. Marsh*, 212 Ariz. 301, 303, ¶¶ 7-8 (App. 2006). As we have noted, "when we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result." *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, 8, ¶ 23 n.6 (App. 2006) (citation omitted). And, "[i]f application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue." *Id.* (citation omitted).

**¶11** This requires us to review the application of A.R.S. § 12-684(A), which states the following:

> In any product liability action where the manufacturer refuses to accept a tender of defense from the seller, the manufacturer shall indemnify the seller for any judgment rendered against the seller and shall also reimburse the seller for reasonable

attorneys' fees and costs incurred by the seller in defending
such action . . . .

Zurn argues that § 12-684 does not apply because (1) no judgment was
rendered against Okland; (2) Owners' lawsuit against Okland was not a
product liability action; and (3) Okland is not a seller within the meaning of
A.R.S. § 12-681(9).

¶12 To resolve this dispute, we need only look at the third
required element—whether Okland falls within the category of a "seller"
pursuant to A.R.S. § 12-681(9). If Okland does not fall within the definition
of "seller" under the products liability statute, it is not entitled to relief
thereunder. Okland argues that it is a "seller" because it sold the parts to
the developer, which in turn sold the plumbing parts to the Owners who
purchased the condominiums.

¶13 First, Okland's argument contradicts averments contained in
its answer to the Homeowners' complaint. Homeowners alleged Okland
was a "real estate owner, builder, developer, *seller*, and/or general
contractor of the Project for sale to the general public." (Emphasis added.)
In response, Okland admitted the portion of the averment indicating it
served as the general contractor, but denied the rest of the allegations,
including the allegation that it was a seller. This could end the inquiry as a
party is bound by its verified responses to a complaint. *See Adams v. Bear*,
87 Ariz. 288, 294 (1960) ("It is a fundamental rule of law that parties are
bound by their pleadings . . . .").

¶14 Further analysis confirms that Okland does not meet the
statutory definition of seller under A.R.S. § 12-681(9). Our courts have
avoided a "precise definitional usage" of the term "seller." *Antone v. Greater
Ariz. Auto Auction*, 214 Ariz. 550, 552, ¶ 12 (App. 2007) (citation omitted).
"Seller" is defined as "a person or entity, including a wholesaler,
distributor, retailer or lessor, that is engaged in the business of leasing any
product or selling any product for resale, use or consumption." A.R.S.
§ 12-681(9). In Arizona, the definition of "seller" has expanded to include
"a variety of enterprises that do not fit a common notion of . . . seller."
*Antone*, 214 Ariz. at 552-53, ¶ 12 (citation omitted); *see, e.g.*, *Torres v. Goodyear
Tire & Rubber Co.*, 163 Ariz. 88, 92 (1990) (trademark licensors); *Jordan v.
Sunnyslope Appliance Propane & Plumbing Supplies Co.*, 135 Ariz. 309, 315
(App. 1983) (used goods dealers); *Gaston v. Hunter*, 121 Ariz. 33, 45–46 (App.
1978) (pharmaceutical product donors).

**¶15**       Still, Arizona courts have declined to extend the "seller" classification to other enterprises. For example, in *Dillard Department Stores, Inc. v. Associated Merchandising Corporation*, we held that a product broker was not a seller for strict liability purposes because it did not take title to, sell, or exercise control over any of the merchandise. 162 Ariz. 294, 296, 298-99 (App. 1989).  Additionally, in *Antone,* we held that a commercial vehicle auctioneer that sold a defective truck was not a "seller" under Arizona products liability statutes. 214 Ariz. at 556, ¶ 33.

**¶16**       While Arizona has not yet addressed whether a general building contractor falls within the definition of a "seller" under § 12-681(9), other jurisdictions have. Although the meaning of "seller" is not uniform across jurisdictions, many require a seller to be "engaged in the business of" selling. This phrase also appears in Arizona's statute at issue. A.R.S. § 12-681(9). *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 82.001 ("'Seller' means a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."); *Calloway v. City of Reno*, 993 P.2d 1259, 1272 (Nev. 2000) ("[O]ne is strictly liable for damages from a dangerously defective product only if one is a seller 'engaged in the business of selling such a product.'" (citing Restatement (Second) of Torts § 402A (1965))); *Scordino v. Hopeman Bros.*, 662 So.2d 640, 643 (Miss. 1995) ("The term 'seller' is defined as a person who sells or contracts to sell goods . . . [and is] engaged in the business of selling products for use or consumption."). We therefore find authority interpreting this phrase in products liability statutes to be persuasive.

**¶17**       Further, in *Centerpoint Builders GP, LLC v. Trussway, Ltd.*,  the Texas Supreme Court held "a general contractor who is neither a retailer nor a wholesale distributor of any particular product is not necessarily a 'seller' of every material incorporated into its construction projects for statutory-indemnity purposes." 496 S.W.3d 33, 41 (Tex. 2016). The *Centerpoint* court determined that whether an entity is engaged in selling a product depends upon the specific facts at issue. *Id.* After reviewing the contract, the *Centerpoint* court determined that the general contractor agreed to undertake construction of the entire building and to be reimbursed for the cost of the materials, including allegedly defective trusses, which indicated that the general contractor was selling construction services rather than trusses or other building materials and therefore was not a "seller" for products liability purposes. *Id.* at 41-42.

**¶18**       Applying the principles adopted in other jurisdictions, we look to Okland's general construction contract to determine whether

Okland qualifies as a seller within the statutory definition. *See Centerpoint*, 496 S.W.3d at 38. Okland's contract with Riverwalk Square Development, LLC ("Developer") identifies Okland as the construction manager and general contractor. Material costs Okland incurred were to be reimbursed by the Developer, including labor costs, subcontract costs, miscellaneous costs, and the costs of the materials and equipment necessary to complete construction. Under the terms of the contract, any sale of Zurn's defective plumbing part "was incidental to its contract to provide the services necessary to construct a building." *Id.* at 42. Because Okland was engaged in the business of providing a service, and its provision of plumbing parts was incidental to that service, Okland was not a "seller" under § 12-681(9). Because Okland is not a seller, Okland is unable to seek indemnification under § 12-684(A). Thus, the superior court's grant of summary judgment must be reversed.[3]

## II. Zurn's common law indemnity argument is waived.

¶19 For the first time on appeal, Zurn argues that Okland's claim for common law indemnification fails. In its motion for summary judgment, Okland asserted it was entitled to indemnification pursuant to the Arizona products liability statute and under common law indemnity principles. Zurn did not raise or address common law indemnity in its response to Okland's motion for summary judgment. The superior court granted summary judgment by concluding only that Okland was entitled to indemnity pursuant to A.R.S. § 12-684(A). The court therefore did not address negligence or common law indemnity claims raised by Okland in its third-party complaint. Generally, "an appellate court will not consider issues not raised in the trial court." *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987). Because Zurn failed to raise its common law indemnity arguments below, we decline to consider its arguments here.

## III. We award Zurn its costs on appeal.

¶20 Zurn requests its costs incurred in the superior court and on appeal pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21 and A.R.S. § 12-341. Okland requests attorney fees and costs under ARCAP 21, §§ 12-342, -341.01, -349(A)(1) or (3), and Arizona Rule of Civil Procedure 37(c) and/or (h). Because Okland's claim under § 12-684(A) fails

---

[3] Because we reverse the court's grant of summary judgment on A.R.S. § 12-684(A) grounds, we need not consider Zurn's arguments that Okland is precluded from recovery under A.R.S. § 12-2506 or the class action settlement agreement.

as a matter of law, we deny Okland's request for attorney fees and costs. We award Zurn costs on appeal.

## CONCLUSION

**¶21**        For the foregoing reasons, we reverse and remand this matter to the superior court and accordingly vacate the award of attorney fees and costs. We award costs on appeal to Zurn upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA