258 P.2d 413

SANTA CRUZ RANCH et al. v. SUPERIOR COURT OF STATE, IN AND FOR MARICOPA COUNTY et al.

No. 5766.

Supreme Court of Arizona.

June 8, 1953.

Bob Barber and Franklin E. Vaughan, Tucson, for petitioners.

Evans, Hull, Kitchel & Jenckes, William A. Evans, Phoenix, and John E. Madden, Phoenix, for respondent, James R. Moore.

PHELPS, Justice.

Petitioners seek to prohibit the superior court of the state of Arizona in and for Maricopa County and the Honorable Fred C. Struckmeyer, one of the judges thereof, from further proceeding in a cause of action instituted by respondent James R. Moore against the Santa Cruz Ranch, a corporation, and Arthur Pinner, Jr., except to order the transfer of said cause to the superior court of Pima County, Arizona. In said cause of action the respondent James R. Moore sought to rescind a certain oral agreement entered into by him with

Arthur Pinner, Jr., or in the alternative to have said oral agreement specifically performed and for such other relief as is deemed equitable and just in the premises.

The facts are that in 1948 respondent James R. Moore, Paul Roca and wife, Elias Romley and Arthur Pinner and wife were owners as tenants in common of certain ranch land located in Pima County, Arizona, against which Pinner held an equitable lien in the sum of $37,000, plus. Respondent Moore and Roca and Romley were the owners of an undivided one-third interest in said ranch and Pinner and wife were the owners of an undivided two-thirds interest therein. In December of that year the owners of said ranch were offered $100,000 for it. Moore, Roca and Romley were in favor of accepting the offer but Pinner refused to sell. Thereupon as an accommodation to Pinner, Moore entered into an oral agreement with him in which Moore agreed to acquire the undivided interest of Romley and Roca and wife in the ranch; Pinner agreed to take over the legal title to the ranch and Pinner and Moore agreed to organize a corporation and to convey the ranch to it in consideration of its assuming the payment of Pinner's equitable lien thereon which was to be evidenced by its promissory note secured by a first mortgage on the ranch, payable upon its sale. Pinner and Moore were to receive unspecified shares of stock at the rate of two shares for Pinner to one for Moore. It was agreed that the corporation would sell the ranch in 1949 at the best price and under the most favorable terms obtainable and that it thereupon would liquidate its business.

Pursuant to the above agreement Moore acquired the interest in the ranch of Romley and Roca and wife and caused the legal title to be vested in Pinner. A corporation was organized and all of the real property together with the appurtenances thereto was conveyed by Pinner to the corporation.

Certain corporate transactions were had thereafter which are immaterial to the issues involved herein and will not be related.

During the summer of 1949 the corporation ascertained that it could obtain natural gas to operate its irrigation wells much cheaper than it cost to opreate such well or wells by the use of electricity, and by taking advantage of this opportunity to use gas instead of electricity, the corporation could bore and operate another well upon the premises and enlarge its farming operations, thus increasing greatly the value of the corporate assets. It was then orally agreed between Pinner and Moore that their prior agreement for the sale and liquidation of the corporate assets in 1949 would be modified as follows:

That it would convert the power for pumping irrigation water to natural gas; drill and equip an additional well for the irrigation of more land; cement line all

ditches; reclaim additional land; defer the sale of the ranch until the completion of said improvements; and then sell the ranch and its equipment for the best price and upon the most favorable terms obtainable and liquidate the corporation.

The improvements were completed in the late spring of 1950 and respondent Moore sought to have the corporate assets liquidated by a sale of the ranch or, as an alternative to its liquidation, by a prorate distribution of its assets to its stockholders as tenants in common, two-thirds to Pinner and one-third to Moore, subject to its debts and obligations and to be restored to the pre-incorporation status of ownership. This Pinner refused to do although repeatedly requested so to do by respondent Moore. Moore thereupon instituted the above cause of action in the superior court of Maricopa County.

The respondent is a resident of Maricopa County and the articles of incorporation of Santa Cruz Ranch, a domestic corporation, provide for its place of business to be located in Phoenix, Maricopa County, Arizona. The assets of the corporation include some 1,200 acres of land located in Pima County together with necessary farming equipment. Pinner is a resident of Los Angeles, California. The farming operations of the corporation are managed by the respondent Moore from the office of the corporation in Phoenix. It is engaged largely in growing cotton, all of which is ginned at Marana in Pima County and the cotton and cotton seed shipped therefrom. It is engaged in a small way in cattle raising and in the production of alfalfa. The total gross production per annum amounts to approximately $270,000.

The petitioners filed a motion in the superior court of Maricopa County to transfer the cause of action to the superior court of Pima County under the provisions of section 21–102, A.C.A.1939, and as a ground therefor, rely upon subsection 12 of section 21–101, A.C.A.1939, relating to the venue of actions.

Section 21–102, supra, provides:

"If the action be not brought in the proper county, the court shall nevertheless have jurisdiction thereof, and may hear and determine the cause, unless the defendant shall, before the expiration of the time allowed to answer, file with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county. A copy of such affidavit shall be served upon the plaintiff, and unless such affidavit be controverted under oath, within five (5) days after such service the court shall order the action transferred to the proper county. If the affidavit be controverted the court shall hear the issue thus presented as

upon an application for change of venue, and shall order the action retained in the court in which it is brought, or transferred to the proper county."

Section 21–101, supra, insofar as it is material, provides:

"No person shall be sued out of the county in which he resides, except:" and then sets up nineteen exceptions including subsection 12 thereof which reads as follows:

"12. Action for the recovery of real property, for damages thereto, for rents, profits, use and occupation thereof, for partition thereof, to quiet title thereto, to remove a cloud or incumbrance on the title thereto, to foreclose mortgages and other liens thereon, to prevent or stay waste or injuries thereto, and all other actions concerning real property, shall be brought in the county in which the real property or a part thereof is situated."

It is the contention of petitioners that the provisions of subsection 12, supra, are jurisdictional and that the action falls within its provisions and therefore the superior court of Maricopa County, after filing of the motion to transfer the cause to Pima County and a hearing thereon, was without jurisdiction to proceed further in the cause except to enter an order transferring it to that county. If petitioners' interpretation of subsection 12, supra, is correct and if they have accurately analyzed the character of the cause of action instituted by Moore, then their position should be upheld and in such event prohibition is available to petitioners.

It will be observed that even assuming Maricopa County was not the proper county in which to file the instant action, nevertheless section 21–102, supra, expressly vested jurisdiction in the superior court of that county to try such cause and to render judgment therein unless either Pinner or the corporation within the time therein prescribed, filed and served upon Moore a proper affidavit praying for a transfer of the cause to the proper county. Pinner filed and served such an affidavit. Had respondent Moore failed to file a controverting affidavit as provided for in said statute the superior court of Maricopa County would have been divested of jurisdiction by operation of law to proceed further in the case except to transfer it to Pima County. Miles v. Wright, 22 Ariz. 73, 194 P. 88, 12 A.L.R. 970. However Moore promptly filed a controverting affidavit and under the provisions of such statute the court was required to hear the issue presented as upon an application for change of venue. The issue thus presented to the trial court was whether the cause of action filed by Moore was one which fell within the provisions of subsection 12, supra. In deciding that question the court necessarily had to determine the character of the cause of action filed by Moore.

24

The court, upon the filing of the affidavit by Pinner and a controverting affidavit by Moore, did, in accordance with the provisions of section 21–102, supra, determine the issue adversely to petitioners and retain jurisdiction of the cause.

The question then presented to us is whether this is an action which falls within the provisions of subsection 12, supra. Certainly it is not an action for the recovery of real property nor for damages thereto, nor is it an action to recover rents and profits or for use and occupation thereof. It is not an action in partition as provided under the statutes of this state. It does not seek to quiet title to real property or to remove a cloud or encumbrance from the title thereto. It does not attempt to foreclose a mortgage or other lien upon the property. There is no allegation of waste or of any injury to the property. Therefore if it falls within the provisions of subsection 12, supra, it must do so under the clause, "and all other actions concerning real property". Whether this is an action concerning real property must be determined from the nature of the action iself. And the nature of the action is to be determined from the character of the complaint and from the character of the judgment which might be rendered upon a default thereto. McFarland v. Martin, 144 Cal. 771, 78 P. 239.

Whatever right respondent Moore has under his cause of action filed in the superior court of Maricopa County arises out of the oral agreements which he had with the petitioner Pinner as set forth in paragraphs 4 and 8 of the complaint. The action is clearly one in equity and therefore is an action in personam and not in rem. An action in personam is transient and may be tried where the defendant or one of the defendants is found. The agreement set forth in paragraph 4 of the complaint as modified by the subsequent agreement set forth in paragraph 8, is an agreement between Moore and Pinner, the only stockholders of the corporation and constituting its board of directors.

In this agreement it was solemnly agreed between the parties that upon the completion of improvements to be made upon the ranch under the terms of the agreement by substituting gas for electric power in the pumping of irrigation water, by cement lining of ditches, and reclaiming of additional lands, the assets of the corporation would be liquidated and the proceeds thereof distributed between the two stockholders according to the proportionate ownership of each after the payment of all debts.

The primary purpose of the litigation instituted by respondent Moore, because of the alleged breach of the agreement by Pinner, was to rescind such agreement and to require Pinner to join with him as the only members of the board of directors authorizing and directing the corporation to make specific restitution and retransfer to him from the Santa Cruz Ranch the prop-

erty transferred to it by him consisting of an undivided one-third interest in the assets of the corporation placing him in status quo prior to incorporation or in the alternative for a decree for specific performance of the contract directing the sale of the assets of the corporation and distribution of the proceeds thereof to the two stockholders.

The fact that the assets of the corporation happen to consist largely of land located in Pima County is incidental and its conveyance either to Moore or to a purchaser under the terms of the agreement between Moore and Pinner to sell is incidental to the liquidation of the assets of the corporation. It is collateral in nature and does not constitute an action concerning real property. The action here involved is purely one in personam which entitles the respondent Moore to bring the action either under the provisions of subsection 1, section 21–101, supra, providing that:

"1. Where the defendant or all of several defendants reside out of the state, or their residence is unknown, the action may be brought in the county in which the plaintiff resides."

or under the provisions of subsection 18 of section 21–101, supra, providing that:

"Actions against railroad companies, insurance companies, telegraph or telephone companies, joint stock companies and other corporations may be brought in any county in which the cause of action, or a part thereof, arose, or in the county in which the defendant has an agent or representative or owns any property or conducts any business."

We are of the view that the corporation was not a necessary party to this cause of action because it was not a party to the agreement sought to be enforced. However, conceding that it was a necessary party, still the venue was properly laid in Maricopa County under the provisions of subsection 18, supra.

This cause of action has but little resemblance to the case of Greene Cattle Co. v. Hereford, 11 Ariz. 403, 94 P. 1127. In that case the action was to require the defendant Hereford to convey to the cattle company lands located in Cochise County which the cattle company claimed that Hereford had acquired for it while acting as its attorney and wrongfully refused to convey the same to it although it was the rightful owner thereof. It asked that he be declared to hold the same in trust for the benefit of the cattle company. It claimed that the action was one concerning real property and the suit was to compel conveyance of his title which he held in trust for the benefit of the cattle company and therefore fell within the provisions of subsection 12, section 21–101, supra. The court sustained the contention of the cattle company. (The language of the act today is identical with what it was at the time the Greene Cattle Co. case, supra, was liti-

26

gated.) Neither Pinner nor Moore have title to the land in Pima County described in Exhibit A of the petition in this case. The legal title thereto is in Santa Cruz Ranch, a corporation, of which Pinner and Moore are stockholders and directors. The land together with farming equipment and other personal property constitute the assets of the corporation. Moore in his complaint is not seeking title to the land or any other interest therein from Pinner. He is seeking either to rescind or to enforce specific performance of an oral agreement with Pinner to liquidate the corporation by sale of all of its assets after certain things had been achieved by the corporation.

■ The case of Butterfield v. Nogales Copper Co., 9 Ariz. 212, 80 P. 345, announces a principle which we believe to be applicable in this case. In that case an action was brought to establish a trust arising out of certain frauds alleged to have been perpetrated by defendants and to compel a conveyance of mining property situated in Mexico. (There is no intimation of fraud in the instant case.) The question was one of jurisdiction and the court held that having acquired jurisdiction over the persons of the defendants it had jurisdiction over the subject of the suit notwithstanding the fact that the subject matter of the suit was located in the Republic of Mexico; that it was of the class of cases in which equity operates directly upon the person of the defendant although ultimately and indirectly upon the property. It stated that the rule is that ordinarily equity having jurisdiction of the person of the defendant will, in case of fraud, trust *or contract*, grant relief though it affects land without the jurisdiction of the court on the principle that in equity the primary decree is in personam and not in rem. 56 Am.Jur., Venue, Sec. 21. See also Hays v. Cowles, 60 Cal.App.2d 514, 141 P.2d 26.

■ We therefore hold in the instant case that this is an equitable action in which the court has jurisdiction of the persons and of the subject matter and that equity, operating directly upon the persons of the defendants, will, in a case like this, grant appropriate relief though it directly and ultimately affects land outside of Maricopa County. This is true for the reason that the only decree that can be entered in this case is in personam and not in rem. If Moore ultimately prevails and obtains a decree against Pinner either for a rescission or for specific performance of the oral contract, it will operate directly upon Pinner requiring him to either place Moore in status quo prior to the organization of the corporation and prior to his conveyance of his interest in the land involved to the corporation, or that Pinner specifically perform the oral agreement to sell the assets and liquidate the corporation.

It is not necessary to consider the second cause of action in the amended complaint under the circumstances.

The alternative writ of prohibition is quashed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.