973 P.2d 616

Clifford M. MORGAN, M.D., Petitioner,

v.

The Honorable John FOREMAN, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,

Frederick Helwig, both individually and as Guardian ad Litem for Maggie Helwig, a minor, Real Party in Interest.

No. 1 CA–SA 98–0317.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 12, 1999.

Reconsideration Denied Feb. 1, 1999.

Teilborg, Sanders & Parks, P.C. By Winn L. Sammons and Robin E. Burgess, Phoenix, for Petitioner.

Ely, Bettini, Ulman, Insana & Turley By Sherry R. Scott and Jennings, Strouss & Salmon, P.L.C. By Barry E. Lewin, Phoenix, for Real Party in Interest.

## OPINION

WEISBERG, Judge.

¶ 1 Dr. Clifford Morgan, a defendant in a medical malpractice suit filed in Maricopa County by Frederick Helwig, asks this court to accept special action jurisdiction and grant his request for a transfer of venue to Yavapai County. He contends that, because the trial court erred in finding that his motion to transfer venue was untimely, he has no adequate remedy by appeal. We accept jurisdiction because denial of a motion to transfer venue is a nonappealable order. *See Lakritz v. Superior Court,* 179 Ariz. 598, 599, 880 P.2d 1144, 1145 (App.1994). By previous order, we accepted jurisdiction and granted relief with an opinion to follow. This is that opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In May 1998, Winn Sammons, Esq., notified Helwig's counsel that he had been retained by Morgan's insurer to evaluate Helwig's malpractice claim against Morgan. Sammons asked that Helwig refrain from further communications with Morgan.

¶ 3 Helwig, individually and as guardian *ad litem* for his minor sister, later filed suit in Maricopa County against Morgan, Dennis L. Little, M.D., and Community Urgent Care and Family Health Center (Community Urgent Care). Both doctors reside in Yavapai County, and Community Urgent Care operates a clinic there.

¶ 4 On August 6, Helwig's counsel mailed a copy of the complaint to Sammons with an affidavit of acceptance of service. Sammons later avowed that he received the complaint on August 10 and on August 25 sought Morgan's permission to sign the affidavit of acceptance. Sammons then signed, but did not

date, the affidavit and avowed that he returned it to Helwig's counsel on August 31.

¶ 5 On September 8, Morgan filed a motion to transfer the case to Yavapai County,[1] and the other defendants later joined in that motion. The motion alleged that all defendants resided in Yavapai County and that their alleged malpractice occurred there.

¶ 6 On September 22, Helwig filed a response to the motion to transfer, arguing that the motion was untimely under Arizona Rule 5(c) of the Arizona Rules of Civil Procedure for the Superior Courts because the defendants' time to answer the complaint, and thus the time within which they had to request transfer of venue, had expired on August 31. The response also asserted that the motion was defective because it lacked a prayer for relief and that venue would be more efficient and economical in Maricopa County because the attorneys and many witnesses resided there.

¶ 7 At a hearing on the motion, Morgan argued that, pursuant to Rule 4(f), service had not been completed until his counsel accepted service on Monday, August 31. Thus, the time for filing an answer began to run on August 31, and the twenty-five day answer period continued through September 24.

¶ 8 Helwig responded that, under Rule 5, the time to answer the complaint began to run on August 6 when he mailed the complaint to Sammons; that Morgan had an additional five days to respond under Rule 6(e); and that the twenty-five day period expired on August 31. Therefore, he contended that the motion filed on September 8 was untimely.

¶ 9 The trial court, relying upon Rule 5(c), found that service of the complaint by mail on Morgan's attorney was complete upon mailing. The court concluded that the last day for filing an answer or motion to

---

1. A.R.S. section 12–404 states:
   A. If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may ... determine the action unless the defendant, before expiration of *the time allowed to answer,* files with the clerk of the court ... an affidavit of the defendant, ... stating that the county in which the action is brought is not the proper county and stating

   the county of the defendant's residence, and praying that the action be transferred to the proper county.
   (Emphasis added.) Unless the plaintiff controverts the defendant's affidavit "under oath, within five days after service, the court shall order the action transferred to the proper county." A.R.S. § 12–404(B).

transfer was September 2, and therefore denied Morgan's motion to transfer as untimely.[2]

## DISCUSSION

¶ 10   Morgan contends that the trial court erred in relying on Rule 5 to find his motion untimely. He argues that Rule 4 governs service of the complaint and that service is not effective until process is either served upon or accepted by an authorized representative. We agree.

■   ¶ 11   Under Rule 4(d), "[s]ervice of process may also be made by a party or that party's attorney where expressly authorized by these Rules." Under Rule 4(f), "[t]he person to whom a summons or other process is directed may accept service, or waive issuance or service thereof, in writing, signed by that person or that person's authorized agent or attorney.... Such waiver, acceptance or appearance shall have the same force and effect as if a summons had been issued and served."

¶ 12   The State Bar Committee Note explains that the April 1991 amendments to Rule 4 and to portions of Rule 5 were necessary to distinguish the two rules from each other and to "clarify the appropriate procedur[e] ... for accomplishing service of process at the inception of the action." Ariz. R. Civ. P. 4 State Bar Committee Note (1998).

¶ 13   Rule 4.1 is titled, "Service of Process Within Arizona." Subsection (c)(2) provides that an individual subject to service "has a duty to avoid unnecessary costs of serving the summons." Accordingly, a plaintiff may notify a defendant of commencement of the lawsuit, and the notice "shall *allow the defendant a reasonable time to return the waiver [of service of process], which shall be at least 30 days* from the date on which the request is sent." Ariz. R. Civ. P. 4.1(c)(2)(F) (emphasis added).

¶ 14   Consequently, because Helwig's attorney sent a request for waiver of service to Sammons on August 6, Morgan had thirty days within which to return the waiver.

Here, Sammons avowed without contradiction that he signed the waiver and returned it on August 31, well within the thirty-day period.

■   ¶ 15   Helwig argues, however, that Rule 4 applies only when a defendant does not have an attorney and that Rule 4(f) would apply only if Helwig had directly asked Morgan to waive or to accept service. But the language of Rule 4(f) does not limit its application to situations in which a person is unrepresented. Further, the State Bar Committee Note to the 1991 amendments makes clear that Rule 4(f), formerly Rule 5(e), "deals with service of process upon initiation of the action rather than service of pleadings and other papers generated during the course of the action" and "this provision in Rule 4 makes clear that a person may voluntarily accept service of a summons regardless of where that person is located."

¶ 16   Notwithstanding, Helwig cites Rule 5(c) for authority that, whenever service is required on a party represented by an attorney, such service must be on the attorney rather than the party and can be done by mail. He argues that, although Rule 5(a) applies to "every pleading subsequent to the original complaint," Rule 5(c) contains no similar limitation.

■   ¶ 17   Rule 5(c), however, is titled, "Service After Appearance; Service After Judgment; How Made," which indicates that it does not apply to service of the initial complaint. Further, the State Bar Committee Note to Rule 5(e) and (f) explains that the 1991 revisions to former Rule 4 abrogated former Rules 5(e) and 5(f). The "abrogation was to limit Rule 5 to its originally intended scope, i.e., to define the procedures for serving pleadings and other papers generated during the course of the action subsequent to the original complaint." Ariz. R. Civ. P. 5 State Bar Committee Note.

■   ¶ 18   We therefore conclude that Rules 4 and 4.1, rather than Rule 5, control the service of a complaint. Accordingly, the

---

2.   Morgan also argued that Helwig's response to the motion to transfer was itself untimely; but, given our disposition of the motion to transfer issue, we need not reach that question and will therefore assume that the response was timely.

time for Morgan to answer the complaint began to run on the date Sammons signed the acceptance of service.

¶ 19   Rule 12(a) required Morgan to serve his answer "within twenty days after the service of the summons and complaint upon the defendant" or "if service of the summons has been timely waived on request under Rule 4.1(c) ... within sixty (60) days after the date when the request was sent." Rule 12(a)(1)(A), (B).   Under either provision of Rule 12, Morgan's motion was filed well before expiration of the time for his answer, as required by A.R.S. section 12–404(A). The motion to transfer venue was therefore timely.

¶ 20   Helwig's response contended that (1) the motion was untimely, (2) the motion was defective for lack of a prayer, and (3) Maricopa County, as the home of the attorneys and many witnesses, was a more efficient and economical venue.[3]   None of these reasons address the merits of Morgan's request, which in compliance with A.R.S. section 12–404 stated that the action had been brought in the wrong county, identified defendant's county of residence, and prayed for transfer.   When Helwig failed to dispute these statements under oath, the trial court had no choice but to transfer the action.  *See* A.R.S. § 12–404(B).   *See also Lakritz,* 179 Ariz. at 599, 880 P.2d at 1145 (when a defen-

dant makes a proper request, the court must transfer the case); *Reilly v. Superior Court (Levy),* 141 Ariz. 540, 543, 687 P.2d 1295, 1298 (App.1984) (trial court cannot consider discretionary criteria of A.R.S. section 12–406 when defendant objects under sections 12–401 and 12–404).   Transfer is not discretionary.  *See Massengill v. Superior Court,* 3 Ariz.App. 588, 591, 416 P.2d 1009, 1012 (1966).   The trial court therefore erred in failing to transfer venue to Yavapai County.

### CONCLUSION

¶ 21   Morgan's request to transfer venue was timely.   Because Helwig's affidavit in response failed to controvert the merits of Morgan's motion, the trial court had no discretion to refuse to transfer this case.   We accept jurisdiction of Morgan's petition for special action and remand this matter to the trial court with directions that it transfer the case to Yavapai County.

NOEL FIDEL, Presiding Judge, and SARAH D. GRANT, Judge, concur.

---

**3.**   Helwig's Response to the Petition for Special Action contends that additional facts regarding the defendant corporation now show that venue in Maricopa County is proper.   The trial court, however, apparently denied Helwig's request to supplement the record below, which was filed after the commencement of this special action. We will not consider facts that were not before the trial court.