IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUN 28 2012

COURT OF APPEALS
DIVISION TWO

SIERRA TUCSON, INC., a corporation, and    )
CRC HEALTH GROUP, INC., a corporation,    )        2 CA-SA 2012-0025
                                          )        DEPARTMENT B
                            Petitioners,  )
                                          )        O P I N I O N
                  v.                      )
                                          )
HON. KENNETH LEE, Judge of the            )
Superior Court of the State of Arizona, in )
and for the County of Pima,               )
                                          )
                            Respondent,   )
                                          )
                  and                     )
                                          )
LOUISE LITWACK, individually and on       )
behalf of all statutory beneficiaries of  )
KENNETH LITWACK, M.D., deceased,          )
                                          )
                  Real Party in Interest. )
                                          )

SPECIAL ACTION PROCEEDING

Pima County Cause No. C20120015

JURISDICTION ACCEPTED; RELIEF GRANTED

Renaud Cook Drury Mesaros, PA
  By Michael D. Wolver, Charles S. Hover, III,
  and Kevin R. Myer                                              Phoenix
                                                    Attorneys for Petitioners

Kinerk, Schmidt & Sethi, P.L.L.C.
  By Dev Sethi                                                   Tucson

      and

Panish Shea & Boyle, LLP
  By Kevin Boyle
Los Angeles
Attorneys for Real Party in Interest

E S P I N O S A, Judge.

¶1         In this special action, petitioners Sierra Tucson, Inc., and its parent corporation, CRC Health Group, Inc. (jointly referred to as Sierra Tucson), defendants in the underlying wrongful death action, challenge the respondent judge's denial of their motion for a change of venue pursuant to A.R.S. § 12-404, from Pima County to Pinal County, where Sierra Tucson's psychiatric hospital and residential behavioral-health facility are located.  Sierra Tucson contends respondent erred when he granted real party in interest Louise Litwack leave to file an amended complaint that rendered venue in Pima County proper by adding a Pima County resident as a defendant.  We agree with Sierra Tucson that respondent erred because the clear language in § 12-404 required him to transfer the case and he lacked authority to permit Litwack to file the amended complaint. We therefore accept special-action jurisdiction and grant relief for the reasons stated below.

### FACTS AND PROCEDURAL BACKGROUND

¶2         Litwack's late husband Kenneth, a California resident, was a patient at Sierra Tucson's residential psychiatric and behavioral-health facility.  On August 16, 2011, Sierra Tucson reported to law enforcement officers and informed Kenneth's family that he was missing from the facility.  Two weeks later, Kenneth's body was found on a

trail on Sierra Tucson's property.  On January 3, 2012, Litwack filed a wrongful-death complaint in Pima County on behalf of herself individually and her three children against Sierra Tucson and CRC Health Group and any unknown individuals or corporations. Litwack alleged Sierra Tucson is an Arizona corporation and its thirty-acre behavioral-health treatment facility is located northwest of Tucson.  She also alleged CRC is a corporation authorized to conduct and conducting business "near Tucson, Arizona and/or owned real property in Pima County, Arizona."

¶3         Litwack served Sierra Tucson with a copy of the complaint on January 5, 2012.  On January 25, 2012, Sierra Tucson filed a Motion for Statutory Transfer to Pinal County pursuant to § 12-404.  Supported by the affidavit of Sierra Tucson's chief financial officer (CFO), the defendants asserted they are Delaware corporations, Sierra Tucson is a wholly owned subsidiary of CRC, and their principal executive office is in Cupertino, California.  They also maintained that Sierra Tucson's facility is located in Pinal County, not Pima County, and neither Sierra Tucson nor CRC owns property in Pima County.  Sierra Tucson asserted that, based on A.R.S. § 12-401, venue was not proper in Pima County and requested that the case be transferred to Pinal County, Sierra Tucson's principal place of business.

¶4         On or about January 31, 2012,[1] Litwack filed a response to the Motion for Statutory Transfer.  She did not refute the assertions Sierra Tucson had made in its

---

[1]We have not been provided with a copy of Litwack's response to the motion that reflects the date on which it was filed, and the parties have referred to the response variously as having been filed on January 31, 2012, the date on which it was signed by counsel, and February 1, 2012.

motion. Instead, she stated she had "no objection to the transfer of venue to Pinal County," and requested that the respondent judge "enter an Order directing the Clerk of the Court to facilitate the transfer and ordering the Plaintiff to pay the requisite transfer fees." However, on February 7, Litwack filed Plaintiff's Notice of Withdrawal of Response to Defendants' Motion for Statutory Transfer to Pinal County in which she stated she was withdrawing the previously filed response. The following day, she filed a Motion to Amend Complaint and Retain Venue. Pursuant to Rule 15(a), Ariz. R. Civ. P., Litwack sought to amend the complaint to add as a defendant Albert Sombrero, a Sierra Tucson employee and Pima County resident, who had been identified in detailed factual allegations in the original complaint as one of the employees who had spoken with and counseled Kenneth the evening before he was determined to be missing. Litwack argued that because Sombrero was a Pima County resident, venue in that county was proper under § 12-401 and respondent should deny Sierra Tucson's motion to transfer the case to Pinal County. Sierra Tucson filed an opposition to the motion, arguing transfer was mandatory and respondent had "no discretion to even consider [Litwack's] motion as a matter of law . . . ."

¶5 On March 8, the respondent judge granted Litwack's motion to amend the complaint and denied Sierra Tucson's motion for change of venue. This special action followed.

## SPECIAL-ACTION JURISDICTION

¶6 "Whether to accept special action jurisdiction is for this court to decide in the exercise of our discretion." *Potter v. Vanderpool*, 225 Ariz. 495, ¶ 6, 240 P.3d 1257,

4

1260 (App. 2010). We do so here for a variety of reasons. First, "[b]ecause an appeal cannot adequately cure an erroneous venue ruling, such orders 'are appropriately reviewable by special action.'" *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, ¶ 1, 147 P.3d 755, 756 (App. 2006), *quoting Floyd v. Superior Court*, 125 Ariz. 445, 445, 610 P.2d 79, 79 (App. 1980); *see also* Ariz. R. P. Spec. Actions 1(a) (special-action review appropriate when no equally plain, speedy and adequate remedy by appeal exists).

¶7 In addition, this case requires us to interpret and determine the correct application of § 12-404 and Rule 15(a), presenting questions of law that are reviewed de novo and are particularly appropriate for review by special action. *See Nielson v. Hicks*, 225 Ariz. 451, ¶ 6, 240 P.3d 276, 277 (App. 2010) (special-action jurisdiction appropriate to interpret and apply § 12-401); *see also Nordstrom v. Cruikshank*, 213 Ariz. 434, ¶ 9, 142 P.3d 1247, 1251 (App. 2006) (interpretation and application of statute raises questions of law, well-suited for special-action review); *ChartOne, Inc. v. Bernini*, 207 Ariz. 162, ¶ 8, 83 P.3d 1103, 1106–07 (App. 2004) (question of law particularly appropriate for special-action review; interpretation of rules question of law). Finally, the interpretation of § 12-404 and the determination of its correct application to the circumstances in this case are matters of statewide importance. *Cf. Yuma Cnty. v. Keddie*, 132 Ariz. 552, 553, 647 P.2d 1150, 1151 (1982) (interpretation and application of A.R.S. § 12-408 matter of statewide importance justifying acceptance of special-action jurisdiction).

# DISCUSSION

¶8        Section 12-404 provides as follows:

>        A.   If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, before expiration of the time allowed to answer, files with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county.

>        B.   A copy of the affidavit shall be served upon plaintiff, and unless the affidavit is controverted under oath, within five days after service, the court shall order the action transferred to the proper county.

>        C.   If the affidavit is controverted, the court shall hear the issue thus presented and shall order the action retained in the court in which it is brought, or transferred to the proper county.

¶9        "We interpret statutes in accordance with the intent of the legislature, [and] 'look to the plain language of the statute . . . as the best indicator' of its intent, and if the language is clear and unambiguous, 'we give effect to that language.'" *State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, ¶ 9, 228 P.3d 950, 953 (App. 2010), *quoting Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005) (second alteration in *Goddard*).  "When the language of a statute is clear and unambiguous, a court should not look beyond [its] language" or employ rules of statutory construction to determine its meaning and the legislature's intent in enacting it.  *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 6, 181 P.3d 219, 225 (App. 2008); *see also State v. Barnett*, 209 Ariz. 352, ¶ 7, 101 P.3d 646, 648 (App. 2004).

6

¶10 Section 12-404 is clear and unambiguous. It provides in subsection (A) that a court has jurisdiction and may hear a matter even if the action may have been filed in a venue that is improper but it may not hear the matter if, before the time for filing an answer to the complaint has expired, the defendant files an affidavit establishing why venue is not proper, identifies the proper venue, and requests that the case be transferred accordingly. *See Mohave Cnty. v. James R. Brathovde Family Trust*, 187 Ariz. 318, 322, 928 P.2d 1247, 1251 (App. 1996) (even if case brought in improper county, "the court still has jurisdiction to hear and determine the case unless the defendant timely requests to transfer" case to proper county). Subsection (B) gives the plaintiff the opportunity to refute the defendant's affidavit with the plaintiff's own affidavit. The statute plainly states in subsection (B) that the plaintiff must file the controverting affidavit within five days of service of the defendant's affidavit.

¶11 Consistent with the statute's plain language, case law interpreting it reiterates that when an action has been filed in an improper county; a timely, proper request for change of venue has been made pursuant to § 12-404; and no timely controverting affidavit has been filed, then transfer is mandatory. *See Reilly v. Superior Court*, 141 Ariz. 540, 542-43, 687 P.2d 1295, 1297-98 (App. 1984); *see also Santa Cruz Ranch v. Superior Court*, 76 Ariz. 19, 23, 258 P.2d 413, 415-16 (1953); *Miles v. Wright*, 22 Ariz. 73, 80, 194 P. 88, 90 (1920); *Morgan v. Foreman*, 193 Ariz. 405, ¶ 20, 973 P.2d 616, 619 (App. 1999); *Lakritz v. Superior Court*, 179 Ariz. 598, 599, 880 P.2d 1144, 1145 (App. 1994); *Campbell v. Deddens*, 21 Ariz. App. 295, 297, 518 P.2d 1012, 1014 (1974). On January 25, 2012, before the time for filing an answer to the complaint

7

expired, *see* § 12-404(A); Ariz. R. Civ. P. 12(a)(1)(A), Sierra Tucson hand-delivered to Litwack's counsel a copy of its motion for change of venue, together with a copy of the affidavit of Sierra Tucson's CFO. Consequently, Litwack had until February 1, five business days after the motion and affidavit were served by hand-delivery upon her counsel, to file a controverting affidavit under § 12-404(B). *See* Ariz. R. Civ. P. 6(a) (when computing period of time specified by rule or statute and time period is less than eleven days, neither day of event nor "intermediate Saturdays, Sundays and legal holidays" included in calculation).

¶12     Based on his comments in his March 8 minute-entry ruling, the respondent judge denied Sierra Tucson's motion because he believed he could consider Litwack's motion to amend the complaint, which he granted, thereby rendering venue proper in Pima County. Respondent granted Litwack's motion because he found it proper to permit her to substitute Sombrero for fictitiously named defendants; his order suggests the amended complaint would relate back to the initial complaint. *See* Ariz. R. Civ. P. 15(c) (setting forth circumstances in which filing of amended complaint regarded as "relat[ing] back to the date of the original pleading"). The respondent rejected Sierra Tucson's argument that he did not have the authority to consider the motion to amend the complaint given the mandatory language in § 12-404 and was required to transfer the case to Pinal County.

¶13     Without addressing the mandatory language in § 12-404, Litwack argues in her response to the special-action petition that the respondent judge properly permitted her to substitute Sombrero as a party and once that occurred, respondent correctly

8

retained venue in Pima County based on the criteria set forth in A.R.S. §§ 12-401 and 12-406. Sierra Tucson argues in this special action, as it did below, that respondent lacked the authority to rule on Litwack's request to file an amended complaint and was required to grant its motion for change of venue. It contends that, in any event, respondent misapplied the concept of fictitious parties in allowing Litwack to file the amended complaint and have it relate back to the initial complaint because Sombrero clearly had been known to her at the time she filed the initial complaint.

¶14        As noted above, the provisions of § 12-404 are mandatory and a trial court cannot consider the discretionary criteria of § 12-406 when venue is improper under § 12–401; the defendant has filed a timely affidavit pursuant to § 12-404(A) and (B); and the plaintiff has not filed a timely, proper, controverting affidavit. § 12-404(B). *See Morgan*, 193 Ariz. 405, ¶ 20, 973 P.2d at 619; *see also Reilly*, 141 Ariz. at 542-43, 687 P.2d at 1297-98. Because Litwack did not file a controverting affidavit within the statutorily prescribed period, the respondent judge was required to transfer the case to Pinal County. Although we acknowledge venue is not jurisdictional in the sense of subject-matter jurisdiction, and a court of improper venue has jurisdiction even when transfer is mandatory, *see Keddie*, 132 Ariz. at 553, 647 P.2d at 1151, the court nevertheless is required to transfer the case by operation of § 12-404.[2] The respondent

_____

[2]We note that in *Santa Cruz Ranch*, 76 Ariz. at 23, 258 P.2d at 416, the supreme court stated that once a proper affidavit has been filed and there is no opposition, the court is "divested of jurisdiction by operation of law to proceed further in the case except to transfer it . . . ." But we believe the court was using the term "jurisdiction" in a broader, now antiquated, sense actually referring to courts' authority rather than subject-matter jurisdiction. *See State v. Maldonado*, 223 Ariz. 309, ¶¶ 14-18, 223 P.3d 653, 655-

9

therefore lacked the authority to consider, much less grant, Litwack's motion for leave to file the amended complaint and did not have the discretion to make a decision about venue based on the amended complaint and his consideration of the factors set forth in §§ 12-401 and 12-406. We need not address the propriety of respondent's conclusion that Sombrero merely was a substitute for fictitiously named defendants or respondent's apparent belief that the amended complaint related back to the original complaint because the respondent lacked the authority to permit Litwack to file the amended complaint.

¶15 Litwack asserts the "resolution" of this special action "turns on whether the amended complaint was appropriately accepted," conceding that, if it was not, "there is no Pima County defendant, and venue . . . is appropriate in Pinal County." Although she insists the respondent judge correctly granted her leave to file the amended complaint, she also argues that because Sierra Tucson had not filed a "responsive pleading," Ariz. R. Civ. P. 15(a)(1)(B), she "had the unilateral right to amend her Complaint, as a matter of course, and without leave of the trial court." Litwack asserts that had she simply filed the amended complaint "on February 8, 2012, or indeed on any date within the scope of" Rule 15(a)(1)(B), Sierra Tucson's motion to transfer venue "would have been rendered moot and withered on the vine."

---

56 (2010) (acknowledging prior opinions that "employed vague and outdated concepts of 'jurisdiction'" that conflated subject-matter jurisdiction with other principles defining courts' authority and crystallizing principles of subject-matter jurisdiction). Our conclusion is based, too, on the plethora of cases that make clear venue is not jurisdictional. *See, e.g.*, *Keddie*, 132 Ariz. at 553, 647 P.2d at 1151; *Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 83, 402 P.2d 22, 26 (1965); *James R. Brathovde Family Trust*, 187 Ariz. at 321-22, 928 P.2d at 1250-51.

10

**¶16** We interpret procedural rules according to the same principles we apply to the interpretation of statutes. *Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, ¶ 9, 273 P.3d 650, 654 (App. 2012). Accordingly, we look to the plain language of the rule as the best reflection of our supreme court's intent. *Id*.; *see also Osterkamp v. Browning*, 226 Ariz. 485, ¶ 14, 250 P.3d 551, 555 (App. 2011). "If a rule is clear and unambiguous, 'we will not employ other principles of construction to determine its meaning and the supreme court's intent in promulgating [it].'" *Sw. Gas Corp.*, 229 Ariz. 198, ¶ 9, 273 P.3d at 654, *quoting Osterkamp*, 226 Ariz. 485, ¶ 14, 250 P.3d at 555 (alteration in *Sw. Gas Corp.*).

**¶17** Rule 15(a)(1)(B), which was amended in 2011, effective January 1, 2012, provides in relevant part that a party may amend pleadings "once as a matter of course . . . within twenty-one days after service of a responsive pleading . . . or, if a motion under Rule 12(b), (e), or (f)[, Ariz. R. Civ. P.,] is served, on or before the date on which a response to the motion is due, whichever is earlier." *See* Ariz. Sup. Ct. Order R-11-0010 (Sept. 1, 2011). The former version of Rule 15(a)(1) had permitted a party to amend the party's pleading "once as a matter of course at any time before a responsive pleading [was] served." *See* Ariz. Sup. Ct. Order R-06-0009 (Sept. 5, 2007). It did not include motions under Rule 12(b), (e), or (f) in the same category as responsive pleadings for purposes of prescribing the period of time within which pleadings could be amended. *Id.* The current version of the rule is clear; it permits a party to amend a pleading at the earlier of within twenty-one days of service of a responsive pleading or the day on which a response to specified Rule 12 motions is due. Ariz. R. Civ. P. 15(a)(1).

11

¶18        In promulgating and then amending Rule 15(a), the supreme court did not include motions for change of venue together with responsive pleadings and Rule 12 motions in subsection (a)(1)(B).  Had it intended to include such motions, it could have done so.  *Cf. ChartOne, Inc.*, 207 Ariz. 162, ¶ 23, 83 P.3d at 1110 (observing Rule 23, Ariz. R. Civ. P., "silent" as to whether former Rule 53, Ariz. R. Civ. P., allowing appointment of special master in non-jury proceedings, applicable to class actions; concluding had supreme court intended special-master rule to apply to class actions, "it could have so provided"); *State v. Mahaney*, 193 Ariz. 566, ¶ 15, 975 P.2d 156, 158 (App. 1999) (if legislature intended statute to have particular meaning "it would have clearly said so").  Case law interpreting the rule before its 2011 amendment established that a motion to dismiss was not a responsive pleading for purposes of Rule 15(a)(1), and we agree with Litwack that motions for change of venue are similarly not responsive pleadings for purposes of the rule.  *See, e.g.*, *Douglas N. Higgins, Inc. v. Songer*, 171 Ariz. 8, 10, 827 P.2d 469, 471 (App. 1991).  Additionally, Rule 7(a), Ariz. R. Civ. P., which defines pleadings that are permitted in civil cases, does not include motions for change of venue.  Therefore, we agree with Litwack that, as a general proposition, she had been entitled to amend her complaint as a matter of right because neither a Rule 12 motion nor a responsive pleading had yet been filed.  Under the circumstances here, however, the right to file the amended complaint in Pima County no longer existed at the time Litwack sought leave to file and presumably filed the amended complaint.

¶19        When Litwack failed to file a controverting affidavit by February 1—five days after Sierra Tucson served her with a copy of its motion to change venue and

12

supporting affidavit—respondent had no authority to do anything other than transfer the case to Pinal County. *Santa Cruz Ranch*, 76 Ariz. at 23, 258 P.2d at 416. Had Litwack filed the amended complaint before the five-day period prescribed by § 12-404(B) had passed, Sierra Tucson's motion to change venue pursuant to the statute would appear to have been moot; it no longer would have had a right to an automatic transfer given that a proper amended complaint had been filed, naming a Pima County resident as a defendant. We need not address whether, in such a situation, Litwack nevertheless would have been required to file a controverting affidavit in accordance with § 12-404(B), because that is not what occurred here.

¶20 In this case, the amended complaint presumably was not filed until March 8, after the respondent judge granted Litwak leave to do so, which was over a month after the controverting affidavit was due. That respondent had not yet granted Sierra Tucson's motion or effectuated the actual transfer of the case to Pinal County before Litwack filed her amended complaint does not alter the fact that respondent had been required to transfer the case after the five-day period for filing a controverting affidavit had passed.

¶21 Finally, we reject Litwack's assertion that this special action "is much ado about nothing," because "any claimed error can be cured through voluntary dismissal [of the complaint] without prejudice and refiling." She argues venue is proper in Pima County because of the addition of Sombrero as a defendant and asserts that she prefers litigating this matter there. Litwack contends that because she can withdraw the initial complaint and refile it to include Sombrero and render proper venue in Pima County, the

13

outcome will be the same even if we grant Sierra Tucson special-action relief; the case will end up being litigated in Pima County, "[a]lbeit after significant delay, spending of judicial resources and expense incurred." Even assuming Litwack is correct that the end result would be the same and this case ultimately will return to Pima County, that fact does not make the respondent's ruling correct. And Litwack cites no authority for the proposition that we may ignore the error here based on what she might do in the future or the purported efficiency or expediency of declining jurisdiction.

## CONCLUSION

¶22 Based on the foregoing, we hold that when a defendant files a proper affidavit and request for change of venue pursuant to § 12-404(A), and the plaintiff does not file a controverting affidavit within the five-day period prescribed by § 12-404(B), the case must be transferred. The plaintiff cannot file an amended complaint after the five-day period has passed in an effort to confer venue on the county from which the transfer had been sought. The respondent judge in this case reached a contrary result by permitting Litwack to file an amended complaint outside the five-day period to cure the venue-related deficiency in the initial complaint and attempt to render Pima County a proper venue. In so doing, respondent erred as a matter of law in interpreting and applying § 12-404. Such error constitutes an abuse of discretion, warranting special-action relief. *See* Ariz. R. P. Spec. Actions 3(c); *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, ¶ 10, 63 P.3d 282, 284-85 (2003) (error of law in process of reaching discretionary conclusion may constitute abuse of discretion).

14

**¶23** The respondent judge's March 8, 2012 order is reversed. The amended complaint shall be stricken, and the respondent is directed to enter any orders necessary to transfer the underlying action to Pinal County for further proceedings.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge