IN THE

# ARIZONA COURT OF APPEALS
DIVISION TWO

---

SIERRA TUCSON, INC., A CORPORATION; RAINIER J. DIAZ, M.D.;
SCOTT R. DAVIDSON; AND KELLEY ANDERSON,
*Petitioners,*

*v.*

THE HON. JEFFREY T. BERGIN, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent,*

*and*

LINDSEY LECCE, INDIVIDUALLY AND ON BEHALF OF ALL SURVIVING
STATUTORY BENEFICIARIES; LINDSEY LECCE, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF RICHARD LECCE,
*Real Party in Interest.*

No. 2 CA-SA 2016-0017
Filed May 11, 2016

---

Special Action Proceeding
Pima County Cause No. C20155232

## JURISDICTION ACCEPTED IN PART; RELIEF DENIED

---

COUNSEL

Renaud Cook Drury Mesaros, PA, Phoenix
By Michael D. Wolver and Charles S. Hover III
*Counsel for Petitioners*

Law Office of Scott E. Boehm, P.C., Phoenix
By Scott E. Boehm

Kinerk, Schmidt & Sethi, P.L.L.C., Tucson
By Dev K. Sethi and Ted A. Schmidt
*Co-Counsel for Real Party in Interest*

---

**OPINION**

---

Presiding Judge Howard authored the opinion of the Court, in which Judge Espinosa and Judge Staring concurred.

---

H O W A R D, Presiding Judge:

**¶1**        Sierra Tucson, Inc., Rainier Diaz, Scott Davidson, and Kelley Anderson (collectively, "Sierra Tucson") seek special action review of the respondent judge's order denying Sierra Tucson's motion seeking change of venue in a wrongful death action. Sierra Tucson argues the respondent erred in finding inapplicable the venue selection provision contained in a contract between Sierra Tucson and the decedent, Richard Lecce, and in otherwise concluding venue was proper in Pima County. As to the first issue, we accept special action jurisdiction and deny relief. As to the second, we decline jurisdiction.

**Factual and Procedural Background**

**¶2**        In January 2015, Richard arranged for treatment at Sierra Tucson, a psychiatric hospital and behavioral health facility. When he arrived at Sierra Tucson, and again when transferred from the psychiatric hospital to a residential treatment facility, he signed contracts that included a venue selection provision stating that "any dispute" arising from Richard's "participation at Sierra Tucson . . . shall be heard exclusively in a State of Arizona Superior Court in Pinal County." While under Sierra Tucson's care, Richard died, allegedly committing suicide. Real-party-in-interest, Lindsey Lecce, Richard's widow, sued Sierra Tucson for wrongful death in Pima County Superior Court "on her own behalf, and on behalf of their

two children, son Garret Lecce and daughter Morgan Lecce. She also brings this action on behalf of the Estate of Richard Lecce." The complaint alleged, inter alia, claims of negligence and claims based on the Consumer Fraud Act.

¶3        Sierra Tucson applied to transfer venue to Pinal County, arguing the venue selection provision constituted "good and sufficient cause" for a change of venue pursuant to A.R.S. § 12-406(B)(3). Lecce objected, asserting venue was proper in Pima County, the venue selection provision did not apply to the statutory beneficiaries, and the provision was in any event unconscionable. In response, Sierra Tucson contended the provision was binding and enforceable, and additionally asserted for the first time that venue transfer was appropriate under § 12-406(B)(2) based on "the convenience of witnesses and the ends of justice."[1]

¶4        The respondent judge denied Sierra Tucson's request to change venue to Pinal County. The respondent concluded that Sierra Tucson had not shown transfer was appropriate pursuant to § 12-406(B)(2) and that the venue selection provision "is not binding upon the surviving beneficiaries that bring this wrongful death action," citing *Dueñas v. Life Care Centers of America, Inc.*, 236 Ariz. 130, 336 P.3d 763 (App. 2014). The respondent granted Sierra Tucson's request to stay the trial court proceedings, and this petition for special action followed.

## Jurisdiction

¶5        We have discretion to accept special action jurisdiction to address venue rulings. *See Sierra Tucson, Inc. v. Lee*, 230 Ariz. 255, ¶ 6, 282 P.3d 1275, 1277 (App. 2012); *see also* Ariz. R. P. Spec. Actions 1(a). The enforcement of a forum selection provision is a legal issue. *Bennett v. Appaloosa Horse Club*, 201 Ariz. 372, ¶ 11, 35 P.3d 426, 429 (App. 2001) (enforceability of forum selection clause is reviewed de

---

[1]Despite its claim to the contrary in its petition for special action, Sierra Tucson did not move to change venue based on A.R.S. § 12-404(A), allowing a change of venue if the action has not been "brought in the proper county."

novo); *see also Estate of DeCamacho v. La Solana Care & Rehab, Inc.*, 234 Ariz. 18, ¶ 9, 316 P.3d 607, 609 (App. 2014) (validity and enforceability of contractual arbitration provision reviewed de novo). As such, it is particularly appropriate for special action review. *See Sierra Tucson, Inc.*, 230 Ariz. 255, ¶ 6, 282 P.3d at 1277. And special action review is proper when, as in this case, the issue is a question of first impression and of statewide importance. *See Chartone, Inc. v. Bernini*, 207 Ariz. 162, ¶ 9, 83 P.3d 1103, 1107 (App. 2004). Accordingly, we accept special action jurisdiction to address whether the respondent judge erred in concluding the venue selection provision did not require venue be transferred to Pinal County.

**¶6** Whether venue should be changed pursuant to A.R.S. § 12-406, however, is left to a trial court's discretion. *Curtis v. Richardson*, 212 Ariz. 308, ¶ 8, 131 P.3d 480, 483 (App. 2006). And that determination may require a court to resolve factual disputes and weigh competing interests of the parties, *see* § 12-406(B)(1)–(3), and thus is less appropriate for review pursuant to special action, *see State ex rel. Montgomery v. Rogers*, 237 Ariz. 419, ¶ 6, 352 P.2d 451, 453 (App. 2015) (special action jurisdiction appropriate when issue "does not turn on the resolution of disputed facts"). Thus, we decline to accept special action jurisdiction of any issue unrelated to the venue selection provision.

**Discussion**

**¶7** Sierra Tucson argues that forum selection provisions are presumptively enforceable and the respondent judge erred in relying on *Dueñas*.[2] In *Dueñas*, this court determined an arbitration

---

[2] A forum selection provision typically involves "consent to a particular court's exercise of personal jurisdiction." *Desarrollo Immobiliario y Negocios Industriales de Alta Tecnología de Hermosillo, S.A. de C.V. v. Kader Holdings Co.*, 229 Ariz. 367, ¶ 11, 276 P.3d 1, 5 (App. 2012). Consent to personal jurisdiction is not implicated in this case because the superior court of Arizona is a "single unified trial court of general jurisdiction." *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102, 907 P.2d 67, 71 (App. 1995). However, because the choice of venue has less impact on the parties' rights than consent to

agreement was not enforceable against statutory beneficiaries in a wrongful death action who were not parties to the agreement. 236 Ariz. 130, ¶¶ 23-29, 336 P.3d at 771-72. We noted, first, that "'a party is bound to arbitrate only those disputes which it has contractually agreed to arbitrate.'" *Id.* ¶ 26, *quoting Smith v. Pinnamaneni*, 227 Ariz. 170, ¶ 22, 254 P.3d 409, 415 (App. 2011). This conclusion is consistent with the longstanding general rule that only parties to a contract are subject to or may enforce its terms. *See Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 218 Ariz. 574, ¶ 5, 190 P.3d 733, 734 (2008), *citing Treadway v. W. Cotton Oil & Ginning Co.*, 40 Ariz. 125, 138, 10 P.2d 371, 375 (1932); *cf. Carroll v. Lee*, 148 Ariz. 10, 13, 712 P.2d 923, 926 (1986) ("[m]utuality of obligation" required for valid contract and exists only when both parties bound).

¶8        Second, we observed that the wrongful death claims did not belong to the decedent but instead belong to the statutory beneficiaries. 236 Ariz. 130, ¶ 27, 336 P.3d at 772. We acknowledged that a statutory beneficiary cannot bring a claim that is barred—such as by a previous settlement by the decedent—and that a defendant is entitled to raise any defenses against the statutory beneficiary that could have been raised against the decedent. *Id.* But, we concluded, those principles address the viability of the claim on the merits and not "the question of whether the forum for such a claim may be restricted by the decedent." *Id.*

¶9        Applying the same reasoning to the venue selection clause and the parties here, the statutory beneficiaries did not sign the agreement containing the venue selection clause and are not parties to the contract. Furthermore, their wrongful death claims are

_____

personal jurisdiction, based on the facts and issues presented in this case, we see no reason the general principles governing enforcement of a forum selection provision would not apply to a venue selection provision. Thus, like a forum selection provision, a venue selection provision "is enforceable as long as it is not the result of unfair bargaining or so unreasonable that the plaintiff would be deprived of his or her day in court." *Bennett*, 201 Ariz. 372, ¶ 19, 35 P.3d at 431.

not derivative of Richard's claims. *See id.* Thus, the statutory beneficiaries are not bound by the venue selection provision.

¶10         Sierra Tucson, however, contends the reasoning in *Dueñas* does not apply to venue selection provisions because arbitration agreements "result in the waiver of a party's Arizona constitutional right to a jury trial" instead of "merely chang[ing] the location of a case within the superior court system." But, in *Dueñas*, we did not address the right to a jury trial or whether it was pertinent to whether an arbitration provision should be enforced.

¶11         And this distinction does not make our reasoning in *Dueñas* inapplicable to venue selection provisions. The critical factors in *Dueñas* are present: the lack of a contractual relationship between the statutory beneficiaries of a wrongful death action and the fact that the statutory beneficiaries' right to recover is not derivative of any claims the decedent could have brought. And it implicates a plaintiff's right to choose the venue, a choice that should not lightly be disturbed. *See Cal Fed Partners ex rel. Cal Fed Syndications v. Heers*, 156 Ariz. 245, 246, 751 P.2d 561, 562 (App. 1987).

¶12         Sierra Tucson also argues the respondent judge erred by concluding the venue selection provision was not binding because Richard's estate "is a plaintiff to this action in regards to the Consumer Fraud Act claim," as well as the claims Lindsey brought as personal representative of Richard's estate. Sierra Tucson reasons that the estate is bound by Richard's agreement and, thus, that the venue selection provision must be enforced. Sierra Tucson further argues that provision must then be enforced against the other statutory beneficiaries. But, because Sierra Tucson did not raise these arguments below, we decline to address them on review. *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, n.6, 147 P.3d 755, 762 n.6 (App. 2006) ("Generally, issues not raised or urged below or on review are deemed waived.").

¶13         Sierra Tucson further suggests that claims based on the Consumer Fraud Act (CFA), unlike the wrongful death claims, are "wholly derivative" of claims Richard could have brought and, thus, are governed by the venue selection provision. In support, Sierra

Tucson cites *Estate of DeCamacho* for the proposition that "claims that are derivative of a decedent's rights are subject to the arbitration agreement signed by the decedent." 234 Ariz. 18, ¶ 25, 316 P.3d at 614.

**¶14** In that case, we addressed whether an action brought by the decedent's estate pursuant to the Adult Protective Services Act (APSA) was subject to an arbitration provision agreed to by the decedent. *Id.* ¶¶ 3, 5, 13, 19. The action was derivative of the decedent's rights because, unlike claims brought pursuant to the wrongful death statute, the APSA expressly provided that claims survived the decedent. *Id.* ¶¶ 21-23. We concluded, then, that derivative claims were subject to the arbitration provision. *Id.* ¶¶ 24-27.

**¶15** A claim based on the CFA, however, may be brought by the statutory beneficiaries in a wrongful death action, as this case was.[3] *See Maurer v. Cerkvenik-Anderson Travel, Inc.*, 181 Ariz. 294, 295, 297-98, 890 P.2d 69, 70, 72-73 (App. 1994) (CFA claim brought as wrongful death action permits recovery when "damage resulting from the alleged violation is death"); *see also* A.R.S. §§ 12-611 through 12-613. That action permits recovery by the statutory beneficiaries "[w]hen death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages." § 12-611; *see also* § 12-612(A) (identifying statutory beneficiaries). And, a claim of wrongful death by the statutory beneficiaries is independent of any claim Richard could have brought while alive; therefore, they are not bound by a venue selection provision to which he agreed. *Dueñas*, 236 Ariz. 130, ¶ 27, 336 P.3d at 772; *Estate of DeCamacho*, 234 Ariz. 18, ¶ 27, 316 P.3d at 614.

**¶16** Finally, Sierra Tucson urges us to adopt the reasoning of "several other courts" purportedly finding forum selection

---

[3]To the extent the complaint could be read to allege a CFA claim not based on wrongful death, the real party in interest has avowed "[t]he entire case is a wrongful death action."

clauses "can apply to non-signatories . . . if the claims are closely related to the agreement." Only two of the cases Sierra Tucson cites discuss forum selection provisions in the context of a wrongful death action. None convince us we should abandon the general rule that only parties to a contract are bound by its terms. *See Treadway*, 40 Ariz. at 138, 10 P.2d at 375.

¶17 In the first case cited by Sierra Tucson, the New York Supreme Court, Appellate Division, applied a forum selection provision in a wrongful death action against the non-signatory plaintiff. *Couvertier v. Concourse Rehab. & Nursing, Inc.*, 117 N.Y.S.2d 772, 772-73 (N.Y. App. Div. 2014). But the court's decision contains no reasoning, citing three cases and summarily concluding that "[t]his Court has upheld nonnegotiated forum selection clauses." *Id.* at 773. Of those cited cases, the sole case addressing a forum selection provision involving a non-signatory determined only that the provision could be *enforced* by a non-signatory with a sufficiently close relationship with a signatory—there, a doctor retained by the defendant to treat the injured individual. *Bernstein v. Wysoki*, 77 N.Y.S.2d 241, 250-51 (N.Y. App. Div. 2010). The other case cited by Sierra Tucson that involves a wrongful death action does not meaningfully analyze the issue, much less suggest that we should evaluate that question based on the closeness of relationship between the decedent and the plaintiffs. *See Brenner v. Nat'l Outdoor Leadership Sch.*, 20 F. Supp. 3d 709, 716 (D. Minn. 2014).

¶18 Two other cases cited by Sierra Tucson evaluate the relationships of the non-signatory to a contracting party in determining whether a forum selection provision can be enforced. In *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, the Ninth Circuit Court of Appeals determined a forum selection provision would apply to non-signatories because the "alleged conduct of the non-parties is so closely related to the contractual relationship." 858 F.2d 509, 514 n.5 (9th Cir. 1988). But the court did not consider whether statutory beneficiaries were bound by the forum selection provision. Rather, the non-parties to the forum selection provision were co-defendants in contractual relationships with the signatory defendant, had been involved in the conduct leading to the litigation, and in one instance had consented to and ratified the contract containing the forum

selection provision. *See id.* at 510-12. Similarly, in *Net2Phone, Inc. v. Superior Court*, the California Court of Appeals enforced a forum selection provision against a non-signatory because the non-signatory was "'closely related to the contractual relationship,'" there, a statutory representative under California's unfair competition law "challenging certain contractual terms." 135 Cal. Rptr. 2d 149, 150, 152-53 (Ct. App. 2003).

¶19    In this case, the statutory beneficiaries were not involved in the relevant events and have no contractual relationship with Richard, much less one that relates to the issues raised in this litigation. Nor is the contract between Richard and Sierra Tucson the core of the dispute. Thus, even if we agreed with Sierra Tucson that Arizona should adopt a rule similar to that applied in the cited cases, it plainly would not apply here.

## Disposition

¶20    The respondent judge correctly determined that the venue selection provision did not require that venue be moved to Pinal County. We accept jurisdiction of that issue and deny relief. We otherwise decline jurisdiction.