NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

RAYMOND MUHAMMAD, *Plaintiff/Appellant*,

*v.*

BASHAS' INC., an Arizona corporation, *Defendant/Appellee*.

No. 1 CA-CV 14-0091

FILED 3-19-2015

---

Appeal from the Superior Court in Maricopa County
No.  CV2011-070313
The Honorable Eileen S. Willett, Judge, *Retired*

### AFFIRMED

---

COUNSEL

Raymond Muhammad, Phoenix
*Plaintiff/Appellant In Propria Persona*

Burch & Cracchiolo, PA, Phoenix
By Theodore A. Julian, Jr., Sarah N. O'Keefe
*Counsel for Defendant/Appellee*

---

### MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N**, Judge:

**¶1**          Raymond Muhammad appeals the superior court's entry of summary judgment in favor of Bashas' Inc.  For the following reasons, we affirm.

## BACKGROUND[1]

**¶2**          Muhammad filed this action against Bashas' seeking compensation for injuries allegedly sustained when he slipped at a grocery store owned by Bashas'.  After the close of discovery,[2]  Bashas' filed a motion for summary judgment on causation and damages, asserting that Muhammad failed to disclose any admissible evidence of causation and had not identified any expert witness who could establish damages.  Muhammad did not timely respond and, addressing the merits of the motion, the superior court granted summary judgment, finding no genuine issue of material fact regarding the cause of his injuries, the reasonableness and necessity of his medical treatment, or his lost wage claim.  Muhammad timely appealed from the subsequent judgment.[3]

---

[1]          Muhammad's opening brief fails to make appropriate references to the record as required, *see* Ariz. R. Civ. App. P. 13(a)(5), and contains numerous factual assertions for which no support appears in the record.  As a result, the recitation of the facts is based on the court's review of the record.  *See Sholes v. Fernando,* 228 Ariz. 455, 457 n.2, ¶ 2, 268 P.3d 1112, 1114 n.2 (App. 2011).

[2]          Muhammad twice failed to appear at the final pretrial conference and the superior court dismissed the action.  Both times the court granted Muhammad's motion to vacate the judgment of dismissal and reinstated the case.  However, the court never extended the original discovery deadline.

[3]          Muhammad's "Notice of Appeal to Vacate Judgment," filed several weeks after the court granted the motion for summary judgment, stated Muhammad was confused by Bashas' notice of lodging judgment because he had advised Bashas' counsel he would be out of town and had understood that the court would not rule on any motions until the pretrial conference.  The document did not cite Rule 60(c) or present any grounds for relief from judgment under that rule, and the superior court treated it as a notice of appeal.

**DISCUSSION**

**¶3**        Muhammad argues he is entitled to relief from the judgment pursuant to Arizona Rules of Civil Procedure Rule 60(c) because (1) he was out of town when Bashas' filed its motion for summary judgment and he did not receive notice of the motion; and (2) he discovered new evidence concerning his medical expenses and lost wages.  A trial court may grant relief from judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect," or when there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d)," Ariz. R. Civ. P. 60(c)(1) and (2), and this court reviews an order resolving such a motion for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985).  Because Muhammad did not seek Rule 60(c) relief in the superior court, there is no ruling for this court to review, and we decline to consider the issue for the first time on appeal. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 15, 99 P.3d 1030, 1035 (App. 2004) (arguments raised for the first time on appeal are untimely and deemed waived).

**¶4**        Moreover, to the extent that Muhammad contends the superior court erred by granting summary judgment for Bashas', we find no error. *See Schwab v. Ames Const.*, 207 Ariz. 56, 60, ¶ 17,  83 P.3d 56, 60 (App. 2004) ("We review the trial court's grant of summary judgment on the basis of the record made in the trial court, but we determine *de novo* whether the entry of judgment was proper.").  Bashas' sought summary judgment on the basis that Muhammad had not disclosed any admissible evidence to establish causation or damages.  Bashas' motion showed that Muhammad failed to produce any evidence that (1) his injuries were the result of his slip at Bashas' grocery store; (2) his claimed future medical expenses were reasonably probable; or (3) his injuries resulted in the loss of wages.  Muhammad did not timely respond to the motion or offer evidence that a genuine issue of material fact existed concerning the cause of his injuries, the reasonableness and necessity of his medical expenses, or his lost wage claim. *See* Ariz. R. Civ. P. 56(e)(4); *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 114-15, ¶ 12, 180 P.3d 977, 979-80 (App. 2008) (party opposing a summary judgment motion  must  produce evidence  establishing a genuine issue of material fact once the moving party satisfies its initial burden).[4]  Accordingly, the superior court properly entered summary

---

4        After the superior court entered its ruling, Muhammad filed an untimely response to the summary judgment motion in which he asserted that he was still seeking medical treatment and gathering new evidence

judgment for Bashas'. *See Grafitti-Valenzuela ex rel. Grafitti v. City of Phoenix*, 216 Ariz. 454, 460, ¶ 21, 167 P.3d 711, 717 (App. 2007) (a court may grant summary judgment when a party fails to demonstrate a material question of fact upon which a reasonable jury could find causation); *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 520, ¶ 52, 144 P.3d 519, 534 (App. 2006) (affirming summary judgment because plaintiff did not present sufficient evidence to create a genuine issue of material fact regarding damages).

**¶5** Finally, Muhammad claims his previous counsel was ineffective, and he was not able to receive a fair trial at the Northwest Regional Center of the Maricopa County Superior Court because there was no available public transportation to that location. Because Muhammad did not raise these issues with the superior court, he cannot do so on appeal. *See Orfaly*, 209 Ariz. at 265, ¶ 15, 99 P.3d at 1035 (arguments raised for the first time on appeal are untimely and deemed waived); *Yuma County v. Keddie*, 132 Ariz. 552, 554, 647 P.2d 1150, 1152 (1982) (holding that a request for change of venue "can be waived if not asserted in a timely fashion"). Even if Muhammad had not waived these arguments, we would conclude they are without merit. Relief from a civil judgment is generally not available based on counsel's inexcusable neglect. *See Glaze v. Larsen*, 207 Ariz. 26, 31, ¶ 20, 83 P.3d 26, 31 (2004). Muhammad has not alleged any error by counsel that could warrant such relief; indeed, he could not make such an allegation as he was not represented by counsel when the court entered the judgment. Further, Arizona law contains no provision for change of venue within a county and Muhammad has not alleged that grounds for change of venue existed under the relevant statute. *See* Ariz. Rev. Stat. § 12-406(B).

---

about his injuries, but he did not request additional time as required by Rule 56(f). The court therefore acted within its discretion in striking the untimely response.

## CONCLUSION

**¶6**        Because Muhammad has not shown the superior court erred, the judgment is affirmed.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama